McDermott v. Pacific Railroad Co.

McDermott, Respondent, v. Pacific Railroad Company, Appellant.

| | |
|---|---|
| 30 | 115 |
| 46a | 169 |
| 30 | 115 |
| 109 | 378 |
| 109 | 391 |
| 109 | 420 |
| 30 | 115 |
| 129 | 525 |
| 30 | 115 |
| 153 | 395 |
| 153 | 402 |

1. A servant, who is injured by the negligence or misconduct of his fellow-servant, can maintain no action against the master for such injury, unless the servant, by whose negligence the injury is occasioned, is not possessed of ordinary skill and capacity in the business entrusted to them, and the employment of such incompetent servant is attributable to the want of ordinary care on the part of the master.

2. A servant of a railway company could not recover against the company for an injury caused by the falling of a bridge, unless such injury was caused by incompetent servants or agents of the company whose employment might be traced to the negligence of the company, or to a defect in the bridge attributable to the fault of the company.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*S. T. Glover, R. S. Hart, Whittelsey, Thomas & Cox,* for appellant.

I. The petition is fatally defective. (Story on Ag. § 453; 23 Penn. State, 384; Angel on Carr. § 577; 3 M. & W. 1; Chitty on Carr. 355; Pierce on Railw. 286, 294; Redfield on Railw. 386; 20 Ohio, 415; 38 Eng. L. & Eq. 477; 5 Exch. 357; 19 Law Rep. 469; 6 Cush. 75; 37 Eng. L. & Eq. 286; 6 La. Ann. 495; 1 Barb. 231; 20 Barb. 450; 7 La. Ann. 321; 6 Ind. 208; 25 Ala. 695; 15 Ill. 550; 3 M. & W. 1; 1 McMullen, 385; 15 Georg. 349; 9 Cush. 112; 4 Seld. 175; 10 Cush. 228; 28 Eng. L. & Eq. 48; 11 Mo. 361; Stephen on Plead. 147; 3 Caines, 329; 2 Johns. Cas. 581; 36 Eng. L. & Eq. 486; 37 Eng. L. & Eq. 281; 38 id. 477.)

*Shreve, Boyce* and *McDonald,* for respondent.

I. The petition contained a good cause of action. (4 Seld. 175; 25 Ala. 657; 28 Eng. L. & Eq. 48; 33 id. 48, 19 Law Rep. 469; 1 Rob. N. Adm. 45, 131; 17 Pet. 20; Story on Ag. § 453; Pars. on Cont. 86, 93; 4 Metc. 60; 20 Ohio, 1, 415; 7 West. Law Jour. 369; 13 Law Rep. 74; 3

Ohio State, 201.) The judgment by default cured all the defects, imperfections or omissions of the petition. (R. C. 1855, p. 1256; Stephen Plead. 147.)

NAPTON, Judge, delivered the opinion of the court.

The principle of the common law, that a servant, who is injured by the negligence or misconduct of his fellow servant, can maintain no action against the master for such injury, seems to be established with great uniformity in England and by the current of authority in the United States. There are cases indeed decided in this country denying the principle entirely; (20 Ohio, 415; 3 Ohio St. R. 202;) but they must be regarded as exceptional ones. In some cases a distinction has been attempted aiming to exempt from the operation of the rule servants who are employed in a subordinate capacity, and strictly subjected to the orders of their superiors. There are certainly plausible grounds for such a distinction, if the sole object of the doctrine is to secure diligence and fidelity on the part of the servants. But as the rule is mainly based on general principles of public policy, and to some extent justified by the contract implied by nature of the relation between master and servant, this distinction seems not to have met with any favor, and the rule is applied in all cases alike, without regard to the degrees of subordination in which the different servants or agents may be placed with reference to each other. (Redfield on Railways, p. 387; Farwell v. Boston & W. R. 4 Metc. 49.)

If the agents, by whose negligence the injury is occasioned, are not possessed of ordinary skill and capacity in the business entrusted to them, it has been held that an action will be against the principal by the injured party, although he may be one of the agents or servants. But in such cases it is well settled by the English decisions that the employment of incompetent agents must be traced to the want of ordinary care on the part of the principal. (Tenant v. Webb, 37 Eng. C. L. R. 281.)

McDermott v. Pacific Railroad Co.

So it has been held that where unsafe machinery has been entrusted to a servant and an injury happens, the servant may recover damages from the employer if he knew of the unfitness of the machinery. (Keegan v. The Western R. R. Co. 4 Selden, 180.)

The petition in this case declares that the plaintiff was employed as brakesman on the cars of the Pacific Railroad Company; that the car on which he was employed, in running on a bridge or trestle-work over the Gasconade river, was precipitated into the bed of the river, the bridge being so frail as to be unable to bear the weight of the train; and that he received certain injuries which are described. It is further declared that the bridge was defective, and was received by the chief engineer or superintendent of the road; that the company were owners of the cars and bridge, &c., and were common carriers; that it was their duty to use common care and diligence in carrying passengers and the plaintiff as brakesman, but that they conducted themselves so negligently by their engineers, servants, &c., *that by reason of such negligence* the plaintiff received the injuries complained of.

Upon this petition there was a judgment by default and damages subsequently assessed.

The case is manifestly one which falls within the general rule we have referred to. There is no allegation that the company employed incompetent servants or agents, or that they failed to exercise ordinary care in their selection. The defects alleged to be in the construction of the bridge are not traced to any fault or misconduct of the company. It is the ordinary responsibility of a principal for the acts of his agent upon which the liability of the defendant is claimed, and we have seen that their responsibility is for the benefit of strangers, and can not be enforced by the agent himself. In our judgment, public policy requires that this distinction be maintained.

The other judges concurring, the judgment is reversed.