Gibson v. The Pacific Railroad Co.

---

GEORGE W. GIBSON, Respondent, v. THE PACIFIC RAILROAD COMPANY, Appellant.

1. *Corporations—Railroad—Negligence—Machinery, failure to adopt proper— Employees responsible for consequences.*—Where injuries to servants or workmen happen through the negligence, misfeasance, or misconduct of a fellow-servant, no action therefor can be maintained against the master unless the fellow-servant is not possessed of ordinary skill and capacity in the business intrusted to him, and unless his employment is attributable to the want of ordinary care on the part of the master. But where such injuries are owing to improper or defective machinery or appliances used in the prosecution of the work—the condition of which, by reasonable and ordinary care and prudence, the master might know—and not to the lack of care and prudence in the employees, the rule is otherwise, and the master would be liable. The legal implication is that the employer will adopt suitable instruments and means with which to carry on his business. If he fails to do so, he is guilty of a breach of duty under his contract, for the consequences of which, in justice and sound reason, he ought to be responsible.

*Appeal from St. Louis Circuit Court.*

*Whittelsey*, for appellant.

I. The master is not liable to his servant for the acts of a fellow-servant, and the difference in grade of employment does not alter the rule. (Wilson v. Merry, 1 L. R. H. L., Sc., 326; Tarrant v. Webb, 37 Eng. L. & Eq. 281; Priestly v. Fowler, 3 M. & W. 1; Wigmore v. Jay, 5 Exch. 354; Hutchinson v. York, etc., R.R., 5 Exch. 343; Wiggett v. Fox et al., 36 Eng. L. & Eq. 486; 11 Exch. 832; Scott v. Mayor, etc., of Manchester, 38 Eng. L. & Eq. 477; Hard, Adm'r, v. Verm. Car. R.R., 3 Verm. 473; Walles v. S. E. R.R. Co., 3 Hurl. & Co. 102; Faulkner v. Erie R.R. Co., 49 Barb. 324; Ryan v. Fowler, 24 N. Y. 410; Keegan v. West, 8 N. Y. 175; Marshall v. Stewart, 33 Eng. L. & Eq. 1; Patterson v. Wallace, 28 Eng. L. &

Eq. 48 ; Wright v. N. Y. Cent. R.R., 25 N. Y. 562; 17 N. Y. 153 ; Russell v. Hudson River R.R., 17 N. Y. 134.) The rule applicable to injuries caused by negligence of fellow-servants is declared in Rohback v. Pacific R.R., 43 Mo. 187; McDermott v. Pacific R.R., 30 Mo. 115 ; Little Miami R.R. v. Stevens, 20 Ohio, 415 ; Faulkner v. Erie R.R., 49 Barb. 324.

II. The first instruction asked by and given for the plaintiff laid down an erroneous rule of law, as applicable to the facts of the case, for the guidance of the jury. There was no evidence whatever that the defendant—that is, its board of directors or its superintendent—knew of this defect in the repair of the spring ; and to charge that "the defendant might have known, by the exercise of reasonable care and diligence," is to require a personal supervision, and forbid the employment of servants and agents without accepting a personal responsibility for their acts—a duty the law does not impose. (See opinions of Lord Chancellor and of Lords Cranworth and Chelmsford in Wilson v. Merry *et al.*, *supra;* Bartonshill Coal Co: v. Reid, 3 McQueen, 282, cited in Wilson v. Merry.)

III. The defendant was not compelled to warrant the perfection of its machinery and cars ; it could only use care and diligence to furnish complete machinery. The burden of proof was upon plaintiff to show that the company had knowledge of the defect. He alleged that fact in his petition, and the only evidence in proof of the allegation was that there was a defect. (Mobile & Ohio R.R. Co. v. Thomas, 8 Ann. Law Reg., N. S., 154 ; Wilson v. Merry *et al.*, *supra;* Tarrant v. Webb, 37 Eng. L. & Eq. 281.) The qualification "that defendant might have known" wholly destroys the effect of the instructions given for the defendant, and the instructions put the case to the jury on an erroneous hypothesis as to the facts.

*Terry & Terry*, and *Stewart & Wieting*, for respondent.

I. A master is liable to his servants for his negligence. (Snow v. H. R.R., 8 Allen, 445 ; Keegan v. Western R.R., 4 Seld. 175 ; Noyes v. Smith, 28 Verm. 62 ; Ryan v. Fowler, 24 N. Y.

413; Wright v. N. Y. Cent. R.R., 25 N. Y. 565; Marshall v. Stewart, 33 Eng. L. & Eq. 7.)

II. The degree of negligence is to be determined by the situation and surroundings of the business of the master, and the occupation of the servant. If the danger to which the master exposed his servant is great, the vigilance of the master is proportionately increased. The degree of care required is higher when life and limb are endangered. (Cayzer v. Taylor, 10 Gray, 274; Loomis v. Terry, 17 Wend. 496; Castle v. Duryea, 32 Barb. 480; Morgan v. Cox, 22 Mo. 373.) The position in which the defendant was placed was dangerous in the extreme, and the care and vigilance of the defendant were correspondingly increased. As to what constitutes a dangerous occupation, see 36 Mo. 23, 25, 354.

III. The master is bound to place in the hands of his servants, as the law declares, good and sound machinery, and use all reasonable precaution for the safety of his employees. (Ryan v. Fowler, 24 N. Y. 420; Buzzell v. Laconia Manuf. Co., 48 Maine, 113; Hallower v. Henley, 6 Cal. 209; Noyes v. Smith, 28 Verm. 59; Cayzer v. Taylor, *supra;* Frazer v. Penn. R.R., 38 Penn. St. 104; McDermott v. P. R.R., 30 Mo. 115.)

IV. The principle, that the master is not responsible for injuries inflicted on one servant by another, is applicable only when the injury happens without any fault or misconduct, such as carelessness and neglect in the master, either in the act which caused the injury or the person who caused it. (Perry v. Marsh, 25 Ala. 659; Patterson v. Wallace, 28 Eng. L. & Eq. 48; Marshall v. Stewart, 33 Eng. L. & Eq. 1; Mad River & L. E. R.R. v. Barber, 5 Ohio St. 541; Fifield v. Northern R.R., 42 N. H. 225.)

V. The effect of the fourth instruction would have been, if allowed, to relieve the master of all liabilities unless he had knowledge of the condition of the machinery used by him. This, as a proposition of law, may be good in cases where the master had immediate control of his affairs; but as a proposition of any force in cases where the charge and oversight of the business are delegated to other parties, as must be done in corporations, it has no weight. The board of directors had delegated their

power of representation to their superintendent, and his acts must be held to be the acts of the board. One to whom the employer commits the charge of his business, with power to choose his own assistants, and to control and discharge them as freely as the principal himself could, is not a fellow-servant with those who are employed under him, and the principal is answerable to all the under-servants for the negligence of such managing assistants, either in his personal conduct within the scope of his employment, or in his selection of other servants.

VI. The plaintiff's instructions were properly allowed, and for the reason that they contain what we believe the law in this case. It was the want of care which constituted the negligence. The placing defective machinery upon its road by the defendant exhibited such a want of care as to render it liable. We concede that a knowledge of the defective condition of the machinery is one of the more certain elements which unite to constitute a case of neglect; but to this proposition there is the alternative proposition of equal weight, viz: that where proof is given that the master is ignorant of the defective condition of the machinery he uses, through his own negligence and want of care, he is equally culpable. He must either know or ought to know the condition of the implements and accommodations he furnishes his servants. (Wright v. N. Y. Cent. R.R. Co., 25 N. Y. 566.; Keegan v. W. R.R., 4 Seld. 175 ; Hayden v. Smithville Manuf. Co., 29 Conn. 548 ; Marshall v. Stewart, 33 Eng. L. & Eq. 1 ; Farwell v. B. & W. R.R. Co., 4 Metc. 49 ; Hord v. Vermont & C. R.R. Co., 32 Verm. 473 ; Buzzeli v. Laconia Manuf. Co., 48 Maine, 113 ; Fifield v. Northern R.R., 42 N. H. 225.)

WAGNER, Judge, delivered the opinion of the court.

This was an action for damages brought by the respondent, an employee of the appellant, a railroad company, against the company, on account of injuries received through the negligence and carelessness of the company in using upon its road defective and dangerous machinery. The respondent was a brakesman on the road, and, as such, it was his duty to assist in coupling cars to form a train, and the case shows that he was a careful and prudent

man. While acting under orders of the conductor, the train was backing on a switch to take on an additional car, and, while engaged in inserting the link in the drawhead, the cars came so closely together that in withdrawing his hand it was caught between the deadwoods or buffers, and smashed so that he lost three fingers. There was evidence going to show that the officers of the road, and the master mechanic who had charge of the road and repair shops, were skillful and competent men, but it most clearly appears that the coupling apparatus, as used on the cars which the respondent was coupling, was dangerous and defective, and that the company was engaged in altering the cars in which a like defect existed, to make them conform to a better standard and consist with greater safety.

Judgment was given for the respondent in the court below, and the case is appealed here. The objections are to the action of the Circuit Court in giving and refusing instructions. For the respondent the court gave two instructions. The first was as follows: "If the jury find from the evidence in this case that the apparatus used for coupling the cars by which the plaintiff was injured, or either of them, from its make and construction, was unsafe, and the defendant knew thereof, or might have known thereof by the exercise of reasonable care and diligence, they are instructed that the defendant is liable to plaintiff for any injuries he has received in consequence of such defect in the make and construction of such apparatus, after it was known or ought to have been known by defendant, if they further believe that plaintiff was exercising ordinary care and prudence at the time he received the injury, and did not know of the defect in said apparatus, and that the same was not due to the carelessness of any fellow-servant of the plaintiff." The second instruction related to the measure of damages, and no point is made upon it in this court.

The appellant asked five instructions, three of which were given and two refused. The following were given:

"1. Although the car by which the plaintiff was injured was defective by having too short a spring, yet if the directors and superintendent of said railroad were ignorant of the defect of

said car, and used due care and diligence in procuring its cars, and selecting careful and competent servants to construct and procure said cars, then the defendant is not liable.

"2. If the Pacific Railroad selected competent and skillful subordinates and servants to supervise, inspect, regulate, and control its freight cars while running on its road, and used due care in constructing and procuring said cars, then the plaintiff, being a servant employed on said road, can not recover in this action.

"3. The plaintiff, as a servant in the employment of defendant, assumed all the risks belonging to the employment he undertook; if, therefore, the plaintiff was injured by and through the negligence of another fellow-servant or person employed on said road, then the plaintiff can not recover."

The following are the instructions of the appellant refused:

"4. If the Pacific Railroad, the defendant in this cause, selected competent and skillful subordinates and servants to supervise, inspect, regulate, and control its freight cars while running on the road, and if any defect in the car by which the injury happened was unknown to the board of directors representing the company, then the plaintiff can not recover.

"5. The plaintiff, as a servant in the employ of the defendant, assumed all the risks belonging to the employment he undertook, if, therefore, the plaintiff was injured by and through the negligence of another fellow-servant in the employ of defendant, by means of the negligence of such fellow-servant in sending out or using a car with a spring in the drawhead defective by being too short, and if such defect was unknown to the board of directors of defendant, then the plaintiff can not recover in this action."

The principles of law which must govern in this case are not to be confounded with the rule which has so often been announced and adjudged, that a servant of a corporation who has been injured by the negligence, misfeasance, and misconduct of his fellow-servant can maintain no action against the master for such injury unless the servant by whose negligence or misconduct the injury was occasioned is not possessed of ordinary skill and

capacity in the business intrusted to him, and the employment of such incompetent servant is attributable to the want of ordinary care on the part of the master. (McDermott v. Pacific R.R. Co., 30 Mo. 115; Rohback v. Pacific R.R. Co., 43 Mo. 187.)

A workman or servant, on entering upon any employment, is supposed to know and to assume the risk naturally incident thereto; if he is to work in conjunction with others, he must know that the carelessness or negligence of one of his fellow-servants may be productive of injury to himself; and besides this, what is more material, as affecting his right to look to his employer for damages for such injuries, he knows. or ought to know that no amount of care or diligence by his master or employer can by any possibility prevent the want of due care and caution in his fellow-servants, although they may have been reasonably fit for the service in which they are engaged.

It is neither unjust nor unreasonable that consequences which the servant or workman must have foreseen on entering into an employment, and which due care on the part of the employer or master could in no way prevent, should not be visited on the latter. But it is otherwise where injuries to servants or workmen happen by reason of improper and defective machinery and appliances used in the prosecution of a work. The use of those they could not foresee. The legal implication is that the employer will adopt suitable instruments and means with which to carry on his business. These he can provide and maintain by the use of suitable care and foresight, and if he fails to do so he is guilty of a breach of duty under his contract, for the consequences of which, in justice and sound reason, he ought to be responsible. (Snow v. Housatonic R.R. Co., 8 Allen, 441, per Bigelow, C. J.; Cayzer v. Taylor, 10 Gray, 274; Seaver v. Boston & Maine R.R., 14 Gray, 466.) Any other rule would be productive of the greatest injustice and wrong. The servant has no control over the matter. He acts in subordination. He relies wholly on the judgment of the masters, that suitable machinery and the needed requirements are supplied. He has not the means nor the opportunity of knowing whether those furnished may be safe. His attention is exclusively due to the peculiar duties inci-

dent to his branch of the employment. He assumes the risk, more or less hazardous, of the service in which he is engaged; but he has a right to presume that all proper attention shall be given to his safety, and that he shall not be carelessly and needlessly exposed to risks not necessarily resulting from his occupation, and which might be prevented by ordinary care and precaution on the part of his employer.

In England, where the principle has been so firmly established, ever since the decision in Priestly v. Fowler, that a servant can not recover of his employer for the negligence or carelessness of a fellow-servant, the courts have universally held that the master will be liable for ordinary neglect in the use of defective machinery or apparatus from whence injury results. Upon this ground the English, the Scotch, and the American law all concur. In Patterson v. Wallace, 1 McQueen, 748, Lord Cranworth says: "I believe by the law of England, just as by the law of Scotland, in the actual state of the case with which we have to deal here, a master employing servants upon any work, particularly a dangerous work, is bound to take care that he does not induce them to work under the notion that they are working with good and sufficient tackle, whilst he is employing improper tackle, and, being guilty of negligence, his negligence occasions loss to them." The same view of the law was taken by Lord Brougham in that case.

The case of Marshall v. Stewart, 33 Eng. L. & Eq. 1, was an appeal heard in the House of Lords, from a judgment of the Court of Sessions in Scotland, in an action by the representatives of a miner killed by injuries arising from the shaft of the pit being in an unsafe state, owing to the negligence of the defendant, his employer. The law of Scotland was, throughout the case, treated as the same with the law of England. The servant, in that case, was killed while leaving his master's employment without proper cause. "A master," says Lord Cranworth, "by the law of England and by the law of Scotland, is liable for accidents occasioned by his neglect to those whom he employs." I quite adopt the argument of the Solicitor-General, "that he is duly responsible while the servant is engaged in his employment;

but then we must take a great latitude in the construction of what is being engaged in his employment," and he further adds that the liability of the master continues "whatever he does in the course of his employment, according to the fair interpretation of the words *eundo, morando redeundo;* for that the master is responsible, and it does not in my opinion make the slightest difference that the workman had, according to the finding of the jury, no lawful excuse for going out, no lawful excuse for leaving their work." "The master," remarks Lord Brougham in the same case, "who let them down is bound to bring them up, even if they come on their own business and not on his; he is answerable for the state of his tackle by which the lamentable accident . was occasioned."

In Byden v. Stewart, 2 McQueen, 30, the Lord Chancellor, among other things, said: "The law of both countries (England and Scotland) makes a master liable for accidents occasioned by his neglect toward his servants."

In the case of Dixon v. Rankin, 14 Court of Sess. Cas. 420, the Lord Justice Clerk held that "the master of men in dangerous occupations is bound to provide for their safety. This obligation extends to furnishing good and sufficient apparatus, and keeping the same in good condition; and the more rude and cheap the machinery, and the more liable on that account to cause injury, the greater obligation to make up for its defects by the attention necessary to prevent such an injury."

In Roberts v. Smith *et al.*, 2 Hurl. & Nor. 213, the injury arose from a rotten and defective scaffold, over which the plaintiff, a bricklayer, was compelled to pass in the course of his employment; and in consequence of its rottenness, it broke, and the plaintiff fell to the ground. The case decides the liability of the defendant if the injury arose from his negligence, he knowing the condition of the scaffold, and the servant being ignorant thereof.

In Williams v. Clough, 3 Hurl. & Nor. 259, it was alleged in the declaration that the defendant was possessed of a granary and ladder leading up to it; that the ladder was wholly unfit and unsafe for use; that the plaintiff was a servant for hire of

the defendant; that the defendant, knowing the premises, wrongfully and deceitfully ordered the plaintiff to carry corn up the ladder into his granary; that the plaintiff, believing the ladder to be fit for use, and not knowing to the contrary, did carry corn up the ladder to the granary, and, by reason of the ladder being unsafe, the plaintiff fell from it and was injured. It was held, on demurrer, that the declaration was sufficient. The American authorities are equally decisive.

In Mad River & Erie R.R. Co. v. Barber, 5 Ohio St. 541, the court says: "If the defects which caused the injury were actually unknown to the company or the conductor, and were not discoverable by due and ordinary care and inspection, and yet were such as resulted from a neglect of reasonable and ordinary care and diligence on the part of the company, either in procuring or continuing to use cars and machinery beyond the time when they could be safely used, the company will be liable." In the same court, in McGartrick v. Wason, 4 Ohio St. 566, the general rule is declared to be that an employer who provides overseers and controls the operation of machinery must see that it is suitable; and if a defect, unknown to a workman, injures him, which ordinary care could have prevented, the employer is liable for the injury.

So, in Wright v. N. Y. Cent. R.R. Co., 25 N. Y. 565, the court says: "The master is liable to his servant for any injury happening to him from the misconduct or personal negligence of the master, and this negligence may consist in the employment of unfit and incompetent servants and agents, or in furnishing for the work to be done, or for the use of the servants, machinery or other implements and facilities improper and unsafe for the purposes to which they are to be applied."

In Keegan v. Western R.R. Co., 4. Seld. 175, a railroad company which continued a defective and dangerous locomotive was held liable to its servant engaged in running such machine, for an injury sustained by him (without negligence on his part) in consequence of such defects.

In Fifield v. Northern R.R., 42 N. H. 225, the plaintiff, a brakesman in the employ of the defendant corporation, being

injured without fault on his part, by their negligence in permitting the road to be blocked up with snow and ice, and their car to be out of repair, was held entitled to maintain an action to recover compensation for the damages by him so sustained.

Under the instruction given for the respondent in this case, the jury must have found that he was exercising ordinary care and prudence at the time he received the injury; that he did not know of the defect in the apparatus used in the coupling of the cars, and that the injury was not due to the carelessness of any fellow-servant. The three instructions given for the appellant were as favorable as could have been asked. The argument is now pressed that the last two instructions, numbered four and five respectively, which were refused, should have been given, because there was no evidence that notice of the defect was brought directly home to the knowledge of the directors of the company, and that, for the same reason, the respondent's instruction, which declared that the company was liable if they knew or might have known, by the exercise of reasonable care, and diligence, that the apparatus was unsafe and dangerous, should have been refused.

The difference lies in what amount of care and diligence the master is bound to exercise in supervising and examining the machinery that he furnishes for the use of his servants. The testimony in the case tends strongly to show that the condition of the drawhead was not due to use or negligent repairing, but to improper and defective construction. The company fully recognized the defect, and were altering and improving the cars thus constructed.

But the instruction given for the respondent is well supported by authority and is founded in reason. If, by reasonable and ordinary care and prudence, the master may know of a defect in the machinery he operates, it is his duty to be advised, and not needlessly expose his servants or employees to hazard, peril, or mutilation. The servant has no means of ascertaining the facts, the master has, and therefore he should exercise that care which devolves on a prudent man in like circumstances.

In Hayden v. Smithfield Manuf. Co., 29 Conn. 548, it was

held that a servant might maintain an action against his master, for an injury caused by defective machinery, when the employer knew or ought to have known of the defect, and the servant did not know it and had not equal means of knowledge.

In Noyes v. Smith, 28 Verm. 59, the declaration averred that the plaintiff was hired by the defendants to have the charge of and conduct and run an engine, and that, by virtue of said employment, it became the duty of the defendants to furnish an engine that was well constructed and safe, etc., but that they carelessly and wrongfully furnished an insufficient engine ; that the insufficiency was unknown to the plaintiff, and, " but for want of all proper care and diligence, would have been known to the defendants ;" and that, while the plaintiff was in the careful and prudent use of said engine, it exploded on account of said insufficiency, and injured the plaintiff, etc. Held, on demurrer, that the declaration disclosed a sufficient cause of action.

To the same effect is Ryan v. Fowler, 24 N. Y. 410, where it was decided that the master was responsible to his servant for injuries received by the latter from defects in the building in which the services were rendered, which the master knew or ought to have known.

Upon a full view of the record, I have been unable to discover any error. I think that the law was properly declared, and that a fair trial was had. I therefore advise an affirmance.

Judgment affirmed. The other judges concur.