DEPPE v. THE C. R. I. & P. R. R. Co.

1. **Railroads: NEGLIGENCE OF CO-EMPLOYE.** Where, in an action for damages for personal injuries, it was shown that the plaintiff was employed in removing earth from the foot of a bank, a large mass of which fell upon him and caused bodily harm, and it appeared that, just prior to the accident, levers had been unsuccessfully introduced to detach the mass: *Held*, that those in charge of the work were negligent in not using proper precaution to prevent the accident. *Held*, also, that negligence could not be imputed to plaintiff.

2. **Practice: INSTRUCTIONS.** Error cannot be predicated upon the refusal to give instructions in themselves unobjectionable, when the same subject matter is covered by other instructions.

Deppe v. The C., R. I. & P R. R. Co.

3. ———: ———: PROPOSITION OF FACT. An instruction which directed in effect that laborers who are under the control of a superior trust more or less to his care, was *held* not vulnerable to the objection that it simply enunciates a proposition of fact.

4. Railroads: NEGLIGENCE: DUTY OF SUPERIOR WORKMAN. It is the duty of the workman in charge to examine his work wherever danger would be likely to arise, and the fact that the attempt to dislodge a mass of earth from a bank by means of levers had failed, would not relieve him from the duty of inspection where the attempt had been made. COLE, J., *dissenting*.

5. ———: ———: DUTY OF WORKMAN. Plaintiff being justified in relying upon the inspection of all points of danger by his superior, would not be negligent in remaining at work, if the danger which existed could not be seen by him.

6. Verdict: QUOTIENT: CONDUCT OF JURY. A verdict is not bad because it is the average of a sum each juror has named, when no agreement was made that the verdict should be found in that way, and when, after the average was found, it was agreed to by all the jurors. Following *Barton v. Holmes*, 16 Iowa, 252.

7. Railroad: DAMAGES: AMOUNT. Where plaintiff suffered injuries that disabled him for life, and which were attended with great bodily suffering, a verdict of $9,000 was held to be not excessive. COLE, J., *dissenting*.

*Appeal from Scott District Court.*

FRIDAY, JUNE 19.

ACTION to recover damages for personal injuries sustained by plaintiff, while in the employment of defendant, on account of the negligence of his co-employes. There was a verdict and judgment of $9,000 for plaintiff. Defendant appeals. The facts necessary for a proper understanding of the points ruled appear in the opinion.

*Cook, Richman & Bruning*, for appellant.

*Bills & Block*, for appellee.

BECK, J.—I. This cause has before been in this court, when a judgment for plaintiff was reversed for erroneous instructions to the jury. See 36 Iowa, 52. It was there urged that the evidence was insufficient to authorize the finding by

VOL. XXXVIII.—38

the jury of negligence on the part of plaintiff's co-employes. Upon this point the evidence at the last trial was precisely the same as at the first, and the same objection is made as to its insufficiency.    We did not pass upon the question in our former consideration of the case, finding that the judgment could not be supported by reason of erroneous instructions given to the jury.  As the cause would again go to the jury we did not esteem it proper to express an opinion upon the effect of the evidence, but considered that we ought to permit it to be re-tried without the influence our decision of the question would have had upon a second verdict.

With due care we have given consideration to the evidence, and are of the opinion that upon the question of negligence, it sufficiently supports the verdict.   We are not accustomed to discuss, at length, questions of this character.  A very few words in this case will indicate the grounds upon which we base our conclusion.  The plaintiff was employed in loading earth upon a train, to be transported to a place where an embankment was in process of construction.   It was obtained from a bank of considerable height and  was thrown upon the cars by the use of shovels in the hands of laborers.   The earth was loosened by picks and shovels, and when the bank had been sufficiently undermined, large quantities were thrown down by the use of levers introduced in the bank upon the surface.   These means had been resorted to not long before plaintiff was injured, but were not successful in displacing the earth.   Plaintiff and others were kept at work at the foot of the bank and, while thus employed, a large mass of earth fell upon him.   In our opinion the jury was justified in finding that the efforts of defendant's laborers to throw out the earth with levers caused it to fall, and that those in charge of the work, whose duty it was to direct plaintiff and exercise proper care for his safety, were negligent in not inspecting the condition of the bank and keeping watch to prevent accidents of the kind that followed.   Neither do we think that the evidence shows negligence on the part of plaintiff.   He was not in a position to see or know the effects produced by the levers, and it was no part of his duty to inspect or have a care of that

part of the work or of its results. He could well rely upon the diligence, care and humanity of his superiors who were charged with that duty.

II. An instruction asked by defendant was refused. This ruling is made the ground of an objection to the judgment. The instruction presents rules as to the effect of negligence of plaintiff, the care to be exercised by defendant's employes and the risks assumed by plaintiff, which probably are not objectionable in their main scope. But correct rules upon these various questions in the case were given by the court in other instructions. The refusal to repeat them was not error.

III. The court gave the following instruction:

" 3. Laborers who are under the control and subject to the order of a superior, or ' boss,' in a general line of employment, trust more or less to his care and thoughtfulness in securing them against injuries, which may arise from the work, or the surroundings of the work, to which he has assigned them; but such care and thoughtfulness is not required to be greater than ordinarily prudent men would exercise under like or similar circumstances. And if efforts had recently been made to dislodge the bank which subsequently fell upon the plaintiff, by prying on the upper surface of such bank, and the natural effect of such prying would be to weaken the supports of such bank, and such prying was done under the orders of said boss, then putting the plaintiff to work under such bank, might or might not be negligence, according to circumstances. It was the duty of such boss to examine the condition of such bank before placing the men to work at it. If such examination, made as an ordinarily prudent man would make it, gave no indication of its dangerous condition, then the defendant would not be liable. If, however, no such examination was made, or if it was made in a careless and negligent manner, then this would not be ordinary care, but would be such negligence as the law condemns. So, if the appearance of the bank would admonish a person of ordinary experience of its dangerous condition, and such appearance was not manifest from the place where the plaintiff was working, and he did not otherwise know, or have reason to know, of such dangerous

condition, it would be negligence in requiring him to work there."

Several objections are urged to the doctrines here announced, as well as criticisms upon the form in which they appear.

1. It is said that the first sentence contains a proposition of fact and not of law, namely: That laborers trust to the care of their superior, etc. But the instruction must be understood as announcing a rule of law in a form approved by the taste of the judge. What is intended to be said obviously is this: "Laborers who are under a superior are permitted by the law to trust to his care." It is announced as a general proposition that laborers *do* trust to their superiors—not that the plaintiff in this case did so trust—and it cannot be understood to express any other thought than that this is sanctioned by the law.

*3. ——: ——: proposition of fact.*

2. But it is urged that the jury was mislead into the conclusion that laborers under a superior are not required to exercise ordinary care, but may depend upon the care of the superior. We do not think such an inference could have been drawn by the jury from the language. Besides, the care to be exercised by plaintiff is sufficiently stated in another instruction. The instructions, when considered together, could not mislead on this point.

3. The part of the instructions which announces that it was the duty of the "boss," to examine the bank before ordering his men to work under it, is very earnestly complained of, on the ground that if there was nothing in the appearance of the bank to indicate danger, prudence did not require examination. The thought is based upon evidence of witnesses to the effect that there was no appearance of weakness on the face of the bank, looking from the place the plaintiff was at work. If that was the proper point for inspection to detect danger, the view of counsel would be right. If no danger was discovered where danger would be indicated, it would be prudent to expect none. But the point of inspection to which proper care would have directed attention, was on the surface of the ground from twelve to twenty feet above plaintiff's place of working.

*4. RAILROADS: negligence: duty of superior workman.*

Counsel's argument to the effect that as the "boss" had made efforts to displace the earth with levers and had failed, he was justified in relying upon the safety of the bank, is unsound, leaving out of view the fact that the attempt with levers could reasonably have been expected to weaken the bank, even if it did not throw it down, and that the work of plaintiff and others in undermining it tended to hasten its fall. Counsel's illustration based upon the inspection of a steam boiler, is by no means happy in support of their argument. They truly say, that one in the exercise of care may well rely upon a steam boiler, that has been tested by great force. But the test is not intended to destroy or weaken the boiler. In the case of the bank the levers were applied to throw it down, and the effort to do so was aided by the very work in which plaintiff was engaged.

4. The last sentence is also complained of by counsel. We think it unobjectionable. It was the duty of the "boss" to 5. ——: ——: inspect the bank where danger would be most likely to appear. It was his duty to examine the surface of the earth. If he did not do so he was negligent. Plaintiff's duty was at the foot of the bank; his view, in the discharge of his duty, was confined to its face. If danger did not appear then he was not negligent in remaining at work, for he could rely upon the "boss" discharging his duty by inspecting the surface. But we do not think the instruction vulnerable to any of the objections urged in the argument. COLE, J., thinks otherwise.

IV. An affidavit of a juror was filed, showing that the amount of the verdict was settled by the jurors agreeing 6 VERDICT: beforehand to add the separate amount each should quotient: con-duct of jury. name, and dividing the sum by twelve. But this was overcome by a great preponderance of evidence. Two of the jurors testify that no such an agreement was entered into, but after the average had been ascertained in that way, the jury agreed upon that sum as the verdict. This court has held that a showing of this kind will not invalidate a verdict. *Barton v. Holmes*, 16 Iowa, 252.

V. Lastly, it is urged that the verdict is excessive. The

plaintiff sustained an injury that disabled him for life, and deprives him of ability to labor upon which he was dependent for support. The bone of his thigh was crushed, and he received severe internal injuries. His sufferings were protracted and most intense, having to endure for seven weeks the excruciating torture of machinery and appliances used by surgeons to prevent a shortening of his limb, which however, was unavailing. In *Rowell v. Williams*, 29 Iowa, 210, we sustained a verdict of $7,000 for an injury to the person, and in *Collins v. The City of Council Bluffs*, 32 Iowa, 324, 35 Iowa, 432, a majority of the court thought $10,000, not excessive damages. These cases are very much like the one before us, the injuries to the plaintiffs being no more severe, attended with no more suffering, and no more completely destroying ability to labor, than the injury which is the foundation of this action.

We have considered all the points made by defendant's counsel, and find no well founded objection to the judgment. It is therefore

AFFIRMED.

COLE, J. not concurring.