K. P. Rly. Co. v. Little.

KANSAS PACIFIC RAILWAY CO. v. JOSEPH D. LITTLE.

1. IMMATERIAL ERROR—*Insufficient for Reversal.* Where the court below commits errors, but under the facts of the case the errors are immaterial, the judgment will not be reversed therefor.

2. INSTRUCTIONS—*Not Reviewed Unless Excepted to.* Where the court below commits errors, as in charging the jury, but the errors are not saved by any exceptions, the judgment will not be reversed therefor.

3. PARTY, AS WITNESS; *Relatives of Party; Bias and Prejudice.* Courts cannot say that, as a *matter of law,* the evidence of a *party* must be viewed with "suspicion," nor that, as a *matter of law,* relatives of a party litigant must be "held to be more or less biased against the adverse party." While it is the duty of the trial court, if asked to do so, to instruct the jury that they may take into consideration the interest or relationship of any witness in weighing his testimony, yet the court may very properly leave it to the jury to say whether such witness is biased or prejudiced or not, and whether his testimony must be viewed with suspicion or not.

4. SERVANTS OF COMMON EMPLOYER—*When Not Fellow-Servants; Respondeat Superior.* The plaintiff was injured by the fall of a derrick while in the employ of a railroad company as a laborer in building a culvert. It was shown on the trial that O. superintended the work in building said culvert for said railroad company, that he hired the plaintiff and all the other laborers on the work, and had the power to hire and discharge such laborers whenever he thought proper to do so; and although the materials and machinery for the work were furnished to O. by other and superior agents of the railroad company, yet that it was the duty of O. to inspect such machinery, to see that it continued in good order, and to report to his superiors so that they might furnish him other machinery if it became defective; that while O. was using said derrick it became defective and he knew it, but he nevertheless continued the work and continued to use it, and in consequence of such defect it fell and injured the plaintiff while he was at work for the company, and under the orders of O. *Held,* That the plaintiff and O. were not mere fellow-servants of the railroad company, but that O., with reference to the plaintiff, was a superior servant or agent, and the representative of the railroad company, and that the company is responsible to the plaintiff for his said injuries caused by the negligence of O.

5. EVIDENCE; *Declarations and Knowledge of Superior Servant.* The court below did not err in admitting evidence as to what O. said, or what was said to him, prior to said accident, concerning the insufficiency of said derrick. Such evidence was proper for the purpose of showing that O. knew that the derrick was unsafe.

*Error from Wyandotte District Court.*

ALL necessary facts are stated in the subjoined opinion.
At the April Term 1876 of the district court, *Little* recovered
judgment for $1,050, and costs of suit, and the *Railway
Company* brings the case here.

*J. P. Usher,* and *C. E. Bretherton,* for plaintiff in error.

*D. B. Hadley,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action to recover damages for
personal injuries sustained by the plaintiff below through the
fall of a derrick upon him, while in the employ of plaintiff
in error, as a laborer, in building a culvert. The jury found
in substance, that there was no negligence in originally pro-
viding the derrick, but that it became defective while used in
building the culvert, and that Owens, foreman of the job,
continued to use it after he knew of its defective character.

We agree with the learned counsel for plaintiff in error,
that the court below committed errors, but under the facts of
the case and the record brought to this court, we think that
none of them are available. Some of them were

1. Immaterial error, not prejudicial.

wholly immaterial, and some of them were not
properly saved by proper exceptions. We agree
with counsel that the testimony of William Little, sen., as to
what Owens and Ridgway said at the Clifton House in Law-
rence on the next day after the accident occurred, was erro-
neously admitted; that the court below erred in refusing to
strike it out, and also erred in refusing to charge the jury to
disregard it. But under the undoubted facts of this case we
think these errors were immaterial. The court also, by giv-
ing instruction No. 1 as asked for the plaintiff, and by refus-
ing to give instructions Nos. 10 and 16 as asked for by the
defendant, seemingly at least instructed the jury that the
railroad company warranted the sufficiency of its machinery.
This was erroneous. A railroad company does not warrant

the sufficiency of its machinery; but is required only to use due care in supplying and in keeping in order good and proper machinery, and is responsible only for negligence in not doing so. But these errors we think were also immaterial under the facts of this case. The court also erred in defining "gross negligence," making it entirely too mild, and then again erred in instructing the jury that if the defendant was guilty of gross negligence the plaintiff might recover exemplary damages. In effect the court instructed the jury, that the plaintiff might recover exemplary damages for mere ordinary negligence. This is not the law. The plaintiff had no right to recover such damages for any negligence less than

2. Instructions not reviewed if not excepted to.

gross negligence amounting to wantonness. (*L. L. & G. Rld. Co. v. Rice*, 10 Kas. 426.) These instructions however were not excepted to, and therefore the errors committed in giving them are not available in this court. Probably however no harm was done by giving said instructions, as we do not think that the jury allowed anything as exemplary damages.

The plaintiff in error also complains of the refusal of the court below to give the 20th and 24th instructions asked for by it. Said instructions read as follows:

"20.—In weighing the testimony offered on behalf of the parties, the jury will consider that the plaintiff is deeply interested in the result of the suit, and will view his testimony with proportionate suspicion."

"24.—Parties to suits, and their immediate relatives, are by the law held to be more or less biased against the adverse party; and in this case the credibility of the plaintiff, his father, brother, and sister, are directly in issue — the plaintiff as interested, and the others as biased witnesses against the defendant."

Now we cannot say that the court below erred in refusing to give these instructions. Their language is a little too strong. We cannot say that, *as a matter of law* the evidence

3. Bias of parties, and their relatives, as witnesses.

of a *party* must be viewed with "suspicion." Nor can we say that, as *a matter of law* relatives must be "held to be more or less biased against the adverse party." The reverse of this is sometimes

true. And while it is the duty of the trial court, if asked to do so, to instruct the jury that they may take into consideration the interest or relationship of any witness in weighing his testimony, yet the court may very properly leave it to the jury to say whether such witness is biased or prejudiced, or not, and whether his testimony must be viewed with suspicion or not. There was no conflict in the testimony of the witnesses in this case, and there was nothing that transpired during the trial that should have caused the jury to look with suspicion upon the testimony of any witness. There was no ground at all upon which to base these instructions except the mere fact of interest of the plaintiff, and the mere fact of relationship to him of some of the other witnesses. We cannot therefore say that the court below erred in refusing to give these instructions.

We now come to the main question in the case: Was the railroad company, with respect to the plaintiff, responsible for the negligence of Owens? Was Owens, with respect to the plaintiff, a superior servant, representing the railroad company, or was he a mere fellow-servant with the plaintiff? The work to be accomplished in which Owens and the plaintiff and others were engaged, was the building of a culvert for the railroad company. Owens was the foreman of the work. He employed all the other persons engaged therein, and had the power to discharge them whenever he thought proper to do so. He hired the plaintiff, who was merely a laborer on the work. Owens did not furnish the materials, nor the tools, nor implements, for building said culvert, and he did not have the authority directly to do so. They were furnished by other employés of the company, superior to Owens. Owens however had the power to inspect said materials, tools, and implements, and if not sufficient or if they became insufficient to apply to his superior officers for others. The jury found specially that "it was the duty of Owens to inspect the derrick, and see that it continued in good order." Said derrick was sufficient and in good order when Owens received it. But after-

Statement of facts.

ward by use it became insufficient. One of the ears of the spider into which one of the guy-rods was hooked became cracked and partially broken. The spider was of cast iron. Owens knew of the condition of the spider, and knew that because of said crack the derrick was unsafe; and yet he continued the work on the culvert, and continued to use said derrick. The ear of said spider broke off where it was cracked, and in consequence thereof the derrick fell and injured the plaintiff while he was at work for the company, and under the orders of Owens; and it is for such injury that the plaintiff instituted this action.

The foregoing facts are unquestioned. They were established by proof and by admissions beyond a reasonable doubt. And therefore, if the plaintiff is entitled to recover upon these facts, then all the errors committed by the court below, or at least all that were sufficiently saved by proper exceptions, must now be considered as wholly immaterial, and the plaintiff's judgment must be affirmed. Whether the plaintiff is entitled to recover upon these facts, depends as we think, upon whether the railroad company is responsible for Owens' negligence or not. That Owens was negligent in using said derrick after he knew that it had become insufficient and unsafe, we suppose no one will question; but whether this negligence was the negligence of the railroad company, may be questioned, and is questioned. We think it was. Owens was the only representative that the railroad company had upon that work. He was really the superintendent of the railroad company for that particular work. As to the laborers on the work he was the railroad company itself. If he had been merely a foreman working under a common employer, a common master, a common principal, along with the other employés, then we suppose under the authorities he would have been only a fellow-servant with the others and the company would not have been responsible for his negligence toward the others. But he was not merely a foreman working with the others under a common employer. As to the others he was the employer himself. He was their master, their prin-

cipal. He hired and discharged them. He inspected the machinery used by them to see that it continued in good order — or at least such was his duty; and he superintended the work generally. They scarcely knew of any other principal or master. All their dealings were with him, except that he did not originally furnish the materials and machinery, and did not pay them. But he had charge of everything after it was furnished, and they could draw their pay only through him and upon his statements and orders. In Shearman & Redfield on Negligence, section 102, it is said as follows: "One to whom his employer commits the entire charge of the business, with power to choose his own assistants, and to control and discharge them as freely and fully as the principal himself could, is not a *fellow*-servant with those who are employed under him; and the master is answerable to all the under-servants for the negligence of such a managing assistant, either in his personal conduct within the scope of his employment, or in his selection of other servants." We have found no case exactly parallel with this, but we would refer to the following cases as throwing some light upon the questions herein discussed: *K. P. Rly. Co. v. Salmon*, 14 Kas. 512, 522, et seq.; *Lanning v. N. Y. C. Rld. Co.*, 49 N. Y. 521; *Flike v. Boston & C. Rld. Co.*, 53 N. Y. 549; *Corcoran v. Holbrook*, 59 N. Y. 517; *Ford v. Fitchburg Rld. Co.*, 110 Mass. 240; *Brothers v. Carter*, 52 Mo. 372; *Gilson v. Pacific Rld. Co.*, 46 Mo. 163; *Harper v. Indianapolis & C. Rld. Co.*, 47 Mo. 567.

The court below did not err in admitting evidence as to what Owens said, or what was said to him prior to said accident, concerning the insufficiency of said derrick. Such evidence was proper for the purpose of showing that Owens knew that the derrick was unsafe.

The judgment of the court below will be affirmed.

All the Justices concurring.