T. J. WALL v. TEXAS & PACIFIC R'Y.

(No. 938.)

MASTER AND SERVANT.— An agent considered as master to another
employee, when.

APPEAL from Callahan county. Opinion by WATTS, J.

STATEMENT.— Appellant brought this suit against the com-
pany to recover damages for injuries received while in the
employment of the company as car repairer at Baird. It

is in effect alleged that Baird is the end of a division on the company's line, and that it has there a department for the repair of cars. That in October, 1881, James Monahan was foreman of that department, with full power and authority to employ and discharge such servants as were engaged therein.

That appellant was employed as a servant in that department and was subject to the immediate control and discretion of Monahan. That there was a switch at the place upon which cars were placed for repair; that at the time he was injured one car was standing upon that track for repair, and he was directed by Monahan to go to work upon it, but at the time the switch was being used in moving other cars thereon, and he pointed out the danger attending the service to Monahan, as he would be compelled to get under the car to do the work. Monahan then assured him that a guard would be so placed as to give him timely warning of approaching danger and directed him to proceed with the work. That relying upon this assurance he undertook to perform the service, and while under the car making the repairs, other cars, without any notice whatever to him, were run against that upon which he was engaged, and that he was thereby seriously and permanently injured. That Monahan failed to comply with his assurances and did not place any guard in position to warn him of approaching danger. To the petition the court sustained general demurrer and rendered judgment against appellant for costs, etc.

OPINION.— Under the allegations in the petition Monahan had full and complete power to employ and discharge operators under him, and in sustaining the general demurrer to the petition the court must have regarded appellant and Monahan fellow-servants. An agent having such authority has been generally considered, as far as the servants under his control are concerned, as in legal effect occupying the position of the master. Kan. Pacific R. Co. v. Lit-

tle, 19 Kan., 267; Louisville & N. R. Co. v. Bowler, 19 Heisk., 866; Cook v. Hannibal & St. J. R. Co., 63 Mo., 397; Deppe v. Chicago, R. I. & P. R. Co., 38 Iowa, 592. See Wait's A. & D., vol. 4, 416; also Pierce on Railroads, p. 369, n. 3; 58 Tex., 287. Judge Cooley, in his work on Torts, p. 563, says: "It is also, as has been shown, the duty of the master not to send the servant upon dangerous service for which he has not undertaken, and if he places the servant under the orders of another, who requires him to perform such dangerous service, whereby he is injured, the wrongful act is properly attributable to the master himself." Marr v. Oriental Print Works, 11 R. I., 152; Chicago, etc., R. R. Co. v. Bayfield, 37 Mich., 205; Frandsen v. Chicago, etc., R. R. Co., 36 Iowa, 372.

Where there is no particular danger in the service itself, but the peril arises from extrinsic causes or circumstances which cannot be discovered by reasonable care, the employer is liable if the servant is injured by reason of neglect or want of exercise of reasonable care upon the part of the employer. Perry v. Marsh, 25 Ala., 659; Gibson v. Pacific R. R. Co., 46 Mo., 163; Cumberland, etc., R. R. Co. v. State, 44 Md., 283; Baxter v. Roberts, 44 Cal., 187.

Again, the servant has the right to rely upon the prudence and caution of the master, and that he will be provided with a suitable place where, with due care upon his own part, he may safely perform the duty assigned to him, except as to the dangers necessarily attending it. The master is liable for injuries to the servant resulting from an exposure to dangers which do not come within the scope of his employment. Coombs v. New Bedford Cordage Co., 102 Mass., 572. If the servant is employed in a dangerous service, it is the duty of the master to use all reasonable means to protect him against any increased or unnecessary danger that may occur from extrinsic causes. And the greater the peril arising from the service, the more care and prudence is required of the master in protecting him against an increase of danger arising from extrinsic causes. Hayden v.

Smithville, etc., Co., 29 Conn., 548; Clark *v.* Holmes, 7 Hurlst. & N., 937.

Applying these principles to the cause under consideration, and taking as true the allegations in the petition which are admitted for the purpose of the demurrer, and it seems to us that a good cause of action was therein asserted against the appellee. Under all the circumstances, can it be said that the increased risk was assumed by appellant as incident to the employment? Certainly not.

Our conclusion is that the judgment ought to be reversed and the cause remanded.