## SMITH v. MISSOURI PAC. RY. CO.

*(Circuit Court, W. D. Missouri, W. D.   March 7, 1892.)*

PLEADING—AMENDMENT—LIMITATIONS.

Where, in an action against a railroad company for causing the death of an employe, the original petition proceeds entirely on the ground of the company's negligence in employing an engineer of known incompetence, an amendment which claims on the ground of the engineer's negligence merely, introduces a new cause of action, and does not relate back to the filing of the original petition, so as to escape the bar of the one-year limitation prescribed by Rev. St. Mo. § 4429.

At Law. Action by Kate Smith against the Missouri Pacific Railway Company for damages for causing the death of her husband. Heard on demurrer to the amended petition. Overruled as to the first count, and sustained as to the second.

*Warner, Dean & Hagerman,* for plaintiff.

The original petition was founded on the second section of the damage act, being section 4425, Rev. St. Mo. 1889. The cause of action stated in the second count of the petition is the same cause of action as that stated in the first count, being the killing of the husband of the plaintiff through the negligence of the servant of the defendant in running and managing its locomotive engine. Both counts of the petition are founded on the same section of the statute, the measure of damages being the same in each. It is not the substitution of another and new cause of action, but an amendment. In *Scovill* v. *Glasner,* 79 Mo. 449, Judge PHILIPS, in delivering the opinion of the court, says: "Two tests by which we determine whether a second petition is an amendment or a substitution of a new cause of action are: (1) That the same evidence will support both petitions; (2) that the same measure of damages will apply to both. If both of these fail, the pleading is not an amendment." See, also, *Lottman* v. *Barnett,* 62 Mo. 159; *Gourley* v. *Railway Co.,* 35 Mo. App. 87; *Land Co.* v. *Mingea,* (Ala.) 7 South. Rep. 666; *Kuhns* v. *Railway Co.,* 76 Iowa, 67, 40 N. W. Rep. 92; *Dougherty* v. *Rail-*

road Co., 97 Mo. 647, 654, 655, 11 S. W. Rep. 251; Davis v. Railroad Co., 110 N. Y. 646, 17 N. E. Rep. 733; Railroad Co. v. Denson, (Ga.) 9 S. E. Rep. 788; Railroad Co. v. Kitchens, Id. 827; Harris v. Railroad, 78 Ga. 525, 3 S. E. Rep. 355; Carmichael v. Dolen, 25 Neb. 335, 41 N. W. Rep. 178; City of Bradford v. Downs, (Pa. Sup.) 17 Atl. Rep. 884; Railway Co. v. Davidson, (Tex. Sup.) 4 S. W. Rep. 636; Railway Co. v. Chapman, (Ala.) 3 South. Rep. 813; Silver v. Railway Co., 21 Mo. App. 5, as explained in Sims v. Field, 24 Mo. App. 557, 567.

Elijah Robinson, for defendant.

Philips, District Judge. The amended petition herein is demurred to on the ground, principally, that the cause of action is barred by the one-year limitation prescribed by section 4429, Rev. St. Mo. It raises the question as to whether or not the new matter set out in the amended petition is in the nature of a continuation of the original cause of action, stated merely in different form, or whether it, in effect, states a new and different ground of recovery. As the injury occurred in 1881, and the amended petition was not filed until 1889, the action would be barred, if the amended petition in fact presents a new cause of action. This is conceded. The gravamen of the original cause of action is the imputed negligence of the defendant railroad company in taking and retaining in its employ a servant of known inexperience and incompetency. The injury is charged to have resulted from this negligent act. It is furthermore quite apparent that the framer of the petition, first drawn in 1882, had in mind the fact that under section 4425, Rev. St. Mo., on which the cause of action is based, it had been ruled by the supreme court (Proctor v. Railroad Co., 64 Mo. 112) that a railroad company was not liable for the death of an employe resulting from the negligent act of a fellow servant, unless the company was chargeable with negligence in employing an unskilled and incompetent servant, from whose act the injury ensued, or was negligent in providing insufficient machinery and the like. Hence the pleader proceeded upon the theory that the injured party was a fellow servant, and that the company was guilty of culpable negligence in employing an incompetent coemploye, by whose negligent act the death occurred. Under the original petition it devolved on the plaintiff, in order to a recovery, to establish by evidence the two facts: First, that the engineer in charge of the train was unskilled and incompetent, and that this fact was known to the defendant at the time of the injury, or might have been known to it by the exercise of due diligence; and, second, that the injury was traceable to this incompetency. McDermott v. Railroad Co., 30 Mo. 115.

So far as the first count of the amended petition is concerned, it may be conceded, to plaintiff's contention, that it but states the same cause of action relied on in the original petition, by a simple variation in the averments, with others sui generis, affecting the demand already in issue; and therefore the new matter has relation back to the time of filing the original suit, and is no more amenable to the plea of the statute of limitations than was the original action brought within the year. Buel v. Transfer Co., 45 Mo. 563.

But the second count of the amended petition presents the principal controversy. This count negatives the idea that the deceased was a fellow servant of the engineer in charge of the train. It also entirely omits the allegation of the original petition, and that of the first count of the amended petition, as to incompetency of the engineer, but proceeds upon the theory that the injured person was not a fellow servant of the person doing the injury, and that the death resulted solely from the want of due and proper care and vigilance by the engineer. Had the plaintiff gone to trial on the original petition, her action would have wholly failed, without proof of the two facts,—that the engineer was an unskilled or incompetent person, intrusted with the management of the engine at the time of the injury, and that this fact was known to the defendant company, or could have been known to it by the exercise of proper diligence. And had she attempted such proof, and made out a *prima facie* case, the defendant might have defeated her action by satisfactory countervailing proof, either that the engineer was a person of recognized skill and experience, or that the defendant in employing him had used every reasonable exertion to ascertain his fitness, and was satisfied thereof, before intrusting him with the management of its locomotive; whereas, by the amended petition, no such burden is assumed by the plaintiff. She concedes the fitness of the engineer for the duty imposed upon him by the defendant, and shifts the ground of contest to that of the want of due care and vigilance on the part of the engineer in managing and running his locomotive. Not only that, but she attempts by this amendment to escape the implied concession of the original petition that the deceased was at the time of the injury a fellow servant—a coemploye—of the engineer. Thus it is apparent that the issues are materially different. The defendant must rearrange its lines of defense; the evidence, which under the original petition would have been quite sufficient to acquit it, would be of no avail under the issues presented under the amended petition. It does seem to me to be a misapplication of terms to say that such a state of facts presents a case of continuation of the same cause of action.

It will be found on examination of the authorities cited in the brief of counsel for plaintiff, as a rule, that the new matter injected into the amended petition is but an enlargement of the acts of negligence which are germane to the original ground of recovery. They do not change the issues by escaping proofs requisite under the first petition, nor take away from the defendant weapons of defense which would have annihilated the plaintiff's cause. I stand by the principle of the rule established in *Scovill* v. *Glasner*, 79 Mo. 449. And the more especially ought such rule to be applied to actions like this. What becomes of the intended protective provision of said section 4429, limiting the right of action for such deaths to one year after the injury, if the amendment in this case be approved? It was doubtless in recognition by the legislature of the fact that the principal witnesses to such accidents are most liable to be lost to the defendant companies, exposed, as they are, to daily dangers to life, coupled with their migratory habits, that it im-

posed, as a condition to the benefits of the new right of action given by this statute to the surviving widow or children, promptness in instituting the suit, so that living witnesses to the transaction might not be lost. For seven years after this injury occurred the complaint made of record by this plaintiff was that her husband's death resulted from the negligence of the defendant in failing to have in charge of its engine a skilled and competent engineer, to protect her husband against the carelessness and awkwardness of his coemploye. The defendant was thus notified by the plaintiff that that was the issue to be met; that the witnesses, the evidence to be looked after and preserved, were such only as it might be advised by counsel would be necessary to disprove this issue. Now the defendant for the first time is notified that the plaintiff places her right of recovery on other and different ground; that the evidence which would prevent a recovery on the first-stated ground is wholly insufficient to prevent a recovery on the newly chosen field of action. The witnesses to the tragedy, by whom defendant might have disproved the imputed acts of negligence in the amended count, defendant might well have permitted to scatter, and pass out of view, as it was not essential to defeat the action to join issue on anything save that the engineer was a prudent and skilled person, or that defendant, after the most diligent inquiry, was honestly led to believe that he was suited to the work; for, being a fellow servant of the person killed, the company was not liable, unless the engineer was so unsuited for the charge of the engine that this fact was known, or might have been known, to the company; whereas, under the amended count, if the engineer has since died or departed to parts unknown, or other witnesses to the act have died or gone out of the country to places unknown, the former reliance of defendant is taken away, and it might be at the mercy of the plaintiff after a sleep of seven years. If such practice is to prevail, it will not be necessary for the pleader to ascertain within the year what the facts are entitling him to a recovery under this statute, or even to set them up when he files his petition; but he may let the case drag along for seven or ten years, and then file an amended petition, shifting his ground of recovery, and present an entirely different class of facts, escaping pitfalls before him at a trial of the first cause of action, and putting his adversary to rout when his witnesses have in the mean time died or passed beyond reach. No such abuse of the right of amendment ought to be recognized by any court. The demurrer to the second count is sustained, and overruled as to the first count.