May Term,
1854.

CHENOWITH
v.
HICKS.

--------

CHENOWITH *v.* HICKS and Another.

A demurrer was sustained to certain special pleas, but the facts alleged in the pleas were admissible, and were received, in evidence under the general issue. *Held,* that it was not necessary, therefore, to pass on the merits of those pleas.

The Supreme Court will not set aside the verdict of a jury merely because the jury assessed higher damages than the Supreme Court would have done on the same evidence.

Trespass for diverting a spring branch from the defendant's slaughter-house. *Held,* that under the former system of practice, the fact that the slaughter-house was a nuisance, and had depreciated the value of the defendant's land, &c., was not admissible in defence.

*Thursday,*
*June 8.*

ERROR to the *Vermillion* Circuit Court.

STUART, J.—*Hicks* and *English* brought an action on the case against *Chenowith,* for diverting a spring branch from its natural channel. The declaration contains three counts. The first and second counts are for diverting the water, &c., without reference to the use made of it by the defendants in error. The third count is for diverting the water from the slaughter-house of *Hicks* and *English.*

The defendant below filed six pleas. The first is the general issue. The second and third pleas are in substance the same. They allege that *Chenowith* has been the owner of the land on which the spring rises ever since 1825; that he built a dwelling, barn, and other outhouses, with reference to the use of the spring, to the value of 2,000 dollars; that he has been in the habit of keeping a large amount of stock; that in 1847, and before the erection of the slaughter-house, he dug a small ditch for the purpose of conducting a part of the water of the spring to a point convenient to his stables and yards, to be used as stock

water, taking no more than was necessary for that pur-

pose, &c.; that the residue passed off in the accustomed channel over the lands of *Hicks* and *English*.

To these pleas there were replications, that *Chenowith* did take more water than was necessary, &c., and that the excess passed off in a new route and different direction from its wonted course, concluding to the country.

The fourth, fifth, and sixth pleas take the ground that the slaughter-house was a common and public nuisance. The fourth plea boldly assumes that the diversion of the water, in addition to procuring stock water, was the means resorted to for abating the nuisance. The fifth and sixth pleas aver that the slaughter-house was wilfully and maliciously erected to injure and annoy *Chenowith*.

General demurrer to these latter pleas sustained.

It is not necessary to pass upon the merits of these pleas, as the matter pleaded was admissible under the general issue, and did in point of fact go to the jury.

Trial on the issues formed on the first, second and third pleas, and verdict of guilty. The damages were assessed at 50 dollars.

The evidence is all set out in the record in the usual mode.

On the first and second counts it clearly appears that the plaintiffs below were not entitled to more than nominal damages, if indeed to that even. Most of the evidence is referable to the third count, viz., the injury to the slaughter-house.

It was proved that the land of *Hicks* and *English*, with the spring diverted, and without the slaughter-house, was worth 25 dollars; with the spring in its natural channel 350 dollars; and that the slaughter-house was worth from 800 to 1,000 dollars; that the slaughter-house was kept with ordinary care for such establishments; that the smells arising from the offal were not offensive after persons became accustomed to them; that there was still some water in the natural channel, but not enough to carry off the blood, &c.; that some excess of water from the water-trough of *Chenowith* found its way, by another route,

to the *Wabash;* and that, by reason of the diversion of the water, the business of slaughtering was rendered more expensive.

On the other hand, *Chenowith* proved, in addition to the several matters in his pleas, that the establishment was at times badly tended; that by reason of the intolerable stenches, his property had depreciated the full value of the rent; and that, from the first, *Hicks* and *English* had manifested ill feeling towards *Chenowith* in putting the slaughter-house where it was.

On this state of facts, the plaintiffs below were clearly entitled to recover something. That the jury assessed higher damages than we should have done, is no reason why we should set aside the verdict. We can not say that the damages are at first blush unreasonably excessive.

At the same time, we have no doubt had the old system of pleading permitted it, *Chenowith,* and not the defendants in error, would have been entitled to damages. The evidence shows that he was far more injured by the nuisance the slaughter-house created, than they by the diversion of the water.

But for the erection of such a house, in such a place, and kept as that was, *Chenowith* had his right of action against *Hicks* and *English.* If it further appeared that they had acted maliciously in the selection of the place and the manner of keeping it, a jury might very properly give exemplary damages.

The necessity and usefulness of such establishments is readily admitted. But there are proper places for their erection; not in the immediate vicinity of towns, nor in close proximity to private dwellings. In a country so sparsely settled, there is scope enough for such business without creating a nuisance. It is a great outrage on *Chenowith* to tell him to be patient till habitual familiarity wears off the pungency of the smell; and they who thus trifle with the health and comfort of their neighbors to profit thereby, should be made to smart for the foul experiment.

But in this form of action, under the old system, these

facts can not avail *Chenowith*. He must seek redress directly by suit against the wrong-doers.

May Term, 1854.

 *Per Curiam.*—The judgment is affirmed with costs.

 *J. P. Usher*, for the plaintiff.

 *E. W. McGaughey* and *J. A. Wright*, for the defendants.