## GUARD *v.* RISK.

Suit for slander. The words charged to have been spoken were, "that he [defendant] could prove that *Lucinda Risk* [meaning the plaintiff] slept with *George Vestill* two nights." *Held*, that the words charged fornication, and were actionable *per se*.

Under the R. S. of 1852, the complaint in slander need not allege that the words were published.

When words are not actionable unless special damages are alleged, the proof of damages must be confined to those laid; but where the words are actionable *per se*, actual damages are not essential to the maintenance of the action; for the law implies damages, and it is for the jury to find their amount from the facts proved, the circumstances, and the aggravation attending the uttering of the words; and the jury may give damages not only to recompense the sufferer, but to punish the offender.

In actions for unliquidated damages, the jury, in consulting of their verdict, may agree that each juror shall write on paper such amount as he pleases, and that the aggregate of these amounts shall be divided by twelve, without agreeing that the result shall stand as their verdict; and afterwards they may agree that the result shall be returned as the verdict.

A party is not entitled to a new trial on the ground of surprise, occasioned by his own witness giving testimony different from what he expected him to give.

The Courts seldom disturb verdicts on the ground that compensation for injury to character has been estimated by too high a standard.

A new trial will not be granted in such a case, on the ground of excessive damages, unless they are so outrageous as to induce the Court to believe that the jury acted from prejudice, partiality, or corruption.

Nov. Term,
1858.

GUARD
v.
RISK.

APPEAL from the *Jefferson* Circuit Court.

*Friday,*
*November* 26.

DAVISON, J.—Action of slander by *Lucinda Risk* against *William N. Guard.* The complaint charges that the defendant, on, &c., at, &c., spoke the following false and slanderous words of the plaintiff, viz.: "That he could prove that *Lucinda Risk* [meaning the plaintiff] slept with *George Vestill* two nights; and that we all know that she [meaning the plaintiff] had the bad disorder, by the scales which she [meaning the plaintiff] had on her face." Thereby meaning that she, the plaintiff, had committed fornication, whereby she is damaged, &c.

The answer contains—1. A general denial; 2. The statute of limitations; 3. A justification.

Replies in denial of the first and second paragraphs.

The issues were submitted to a jury, who found for the plaintiff 775 dollars. Motions for a new trial, and in arrest, overruled, and judgment on the verdict.

The evidence being closed, the Court instructed the jury " That the words 'we all know that she had the bad disorder by the scales which she had on her face,' are not actionable." To this ruling there was no exception; hence the class of words to which the instruction relates are not in the case before us. Are the remaining words, viz., "that he could prove that she, the plaintiff, had slept with *George Vestill* two nights," actionable? If they are, they must be so *per se;* because, in the complaint there is no averment of extrinsic facts, or of a colloquium in reference to such facts. But it seems to us that the words themselves sufficiently impute the want of chastity in the plaintiff, and are, therefore, actionable without the aid of such averment or such colloquium. *Shields* v. *Cunningham,* 1 Blackf. 86, is in point. There, the words charged were these: "Doctor *Eddy* made an appointment with *Elizabeth Cunningham* [meaning the plaintiff], scaled the walls

and went to bed to her at Mrs. *Reperton's* house." These words were held actionable. And in the opinion given in the case, Judge SCOTT says: "The words laid in the declaration clearly import a charge of fornication. A phraseology more indecent might have been used; but no set of words, however plain and explicit, would have conveyed the idea with more certainty, or have been productive of a result more mischievous and fatal in its consequences." In the case at bar, the words charged are equally clear and effective. Indeed, their import is too obvious to admit of any mistake as to their meaning.

But the complaint is said to be defective, because it fails to allege that the words were published. This position, anterior to the revision of 1852, would have been tenable; but in that revision there is a statute which enacts that in actions for libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken by the plaintiff, and if the allegation be denied, the plaintiff must prove, on the trial, the facts, showing that the defamatory matter was published or spoken of him. 2 R. S. p. 45, § 86. Thus, it seems, that the plaintiff, in an action for slander, may allege, generally, that the slanderous words were spoken of himself, without any averment as to their publication. We are of opinion that the facts stated in the complaint are sufficient to constitute a cause of action. Consequently the motion in arrest was correctly overruled.

At the proper time, the defendant moved to instruct the jury as follows:

"1. That the plaintiff can only recover the actual damages which, under the circumstances, they shall find she has sustained in consequence of the speaking of the words.

"2. That the jury cannot give a verdict for smart-money beyond what they find as the damages really sustained by the plaintiff, by way of punishing the defendant solely."

The record says that these instructions were refused, for the reason that the phrase "actual damages," in the first, and the words "damages really sustained," in the second, were calculated to mislead the jury. But the Court, in its

general charge, told the jury that the answer in justifica-
tion ought not to be used in aggravation, and that they
must assess the damages in and of all the circumstances
proved.

The instructions moved by the defendant were, for the
reasons given by the Court, properly refused. When words
are not actionable unless special damages are alleged, the
proof of damages must be confined to those laid in the
complaint; but where, as in this case, the words are ac-
tionable, actual damages are not essential to the mainten-
ance of the action: the law implies damages, the extent
of which is to be judged by the jury from the facts proved,
the circumstances, and the aggravation attending the ut-
tering of the slanderous words. 1 Stark. on Slander, Prel.
Dis. 26.—10 Johns. 281. And in *Taber* v. *Hutson*, 5 Ind.
R. 322, this Court has plainly recognized the doctrine, that
where a defendant is sued for a tort not the subject of
criminal jurisdiction, the jury may give damages not only
to recompense the sufferer, but to punish the offender. See
3 Johns. 67.

In support of the motion for a new trial, it was shown
by affidavit that, after the jury had retired to their room to
consult of their verdict, "it was proposed by one of them
that each juror should put down on paper such amount as
he pleased, and divide the aggregate amount by twelve.
All the jurors acceded to the proposition, though there
was no agreement or understanding among them that the
result of the figures should stand as the verdict. And the
jurors having proceeded in accordance with the proposal,
and the result being announced, it was by them agreed
that that result should be their finding in the case, and the
verdict was returned accordingly.

In this, we perceive no misconduct of the jury. The
law is well settled, that, in actions for unliquidated dam-
ages, the jury may adopt the process resorted to in this
case to obtain a medium sum to be submitted for a ver-
dict. *Dunn* v. *Hall*, 8 Blackf. 32.—*Dorr* v. *Fenno*, 12
Pick. 521.—*Grinnell* v. *Phillips*, 1 Mass. R. 530.—*Harvey*
v. *Rickett*, 15 Johns. 87.

Another ground relied upon by the defendant is, that, during the trial he was taken by surprise by the testimony of a witness. In relation to this point, the defendant made his affidavit, alleging that one *George Vestill*, prior to the trial, had told one *William Hall* and one *James Black* that he, *Vestill*, had been in bed with the plaintiff, and that he, defendant, having been informed of *Vestill's* statement, caused the defense justifying the words charged to be pleaded, and also caused *Vestill* to be summoned as a witness. But that said witness, being called by the defendant, testified that he never was in bed with the plaintiff, never had illicit intercourse with her, and never saw any improper conduct on her part. Affiant further says, that he was taken by surprise by *Vestill's* testimony, because he fully expected that his evidence would have tended to prove the facts stated in the defense. And he, affiant, has been informed by his counsel, and believes, that, under the circumstances, his case was materially prejudiced "by the witness testifying as he did."

The facts thus stated afford no reason for a new trial. Indeed, this Court has expressly decided that a party is not entitled to a new trial on the ground of surprise occasioned by a witness whom he called giving different evidence from that which he expected him to give. *Graeter* v. *Fowler*, 7 Blackf. 554. See, also, *Hewlett* v. *Cruchley*, 5 Taunt. 277. Nor do we perceive how the answer in justification, or the attempt to prove it, could have prejudiced the defendant's case; because the jury were distinctly charged that that defense ought not to be used in aggravation of damages.

Again, it is insisted that the damages are excessive. Courts seldom disturb verdicts on the score that compensation for an injury to character has been estimated by too high a standard. And a new trial will not be granted on the ground of excessive damages, unless they are so outrageous as to induce the Court to believe that the jury must have acted from prejudice, partiality, or curruption. 2 Stark. on Slander, 105, and cases there cited. But in the record before us, we see nothing to induce the conclu-

sion that the jury have even misjudged on the subject of damages.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*C. E. Walker* and *H. W. Harrington*, for the appellant.