Robertson, J.
The objection in this case is that the complaint has not alleged the defendants to be a corporation or Joint Stock Company. It has long been settled that plaintiffs need not aver themselves to be a corporation. (Bank of United States v. Haskins, 1 J. C., 132; Bank of Utica v. Smalley, 2 Cow., 770; Holyoke Bank v. Haskins, 4 Sandf. S. C. R., 675; Union Mutual Ins. Co. v. Osgood, 1 Duer, 708; Bank of Waterville v. Beltser, 13 How. Pr. R., 270.) Before the passage of the Revised Statutes it was held that the plea of the general issue put in issue the existence of the plaintiffs as a corporation as though it were averred, and it could only have been upon the principle laid down in the above case of Union Mutual Insurance Company v. Osgood, that the name being an appropriate name for a corporation, the very name imported an averment to the same effect. The Revised Statutes merely require the defendants to make it a special issue. (2 R. S., 458, § 3.) It would be difficult to see why the same reasoning should not apply to the defendants. If the law takes notice of the character of the name, it must equally do so in the other. It is as important to show a personality to be contracted with-as one to contract.
Another difficulty arises from the fact that the Code only permits specific causes of demurrer, and the objection in question does not come within any of them. The question whether the defendants are a corporation, is no part of the cause of action. They are either a corporation or an association, or have no existence; *717 if the last, of course no judgment can be of any avail; if they are persons using a corporate name, and. the plaintiff makes a mistake in suing them as a corporation, they are at liberty to plead that they are not what they have seemed, but it must be by an answer.
If the question were a new one in regard to plaintiffs, I might perhaps entertain a different view; but it being established that a name carries with it the assertion of a fact, I can see no reason for not applying the same rule to defendants.
The demurrer must, therefore, be overruled, with costs, and judgment be given for the plaintiffs, with liberty to the defendants to answer in twenty days, upon payment, of costs, upon filing affidavit of merits and of good faith in putting in the demurrer, in five days.