## ALEXANDER v. THOMAS.

EXCESSIVE DAMAGES.—The Supreme Court will not reverse a judgment in an action of slander on the ground of excessive damages, unless the damages assessed by the jury are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption.

APPEAL from the *Posey* Circuit Court.

GREGORY, J.—*Thomas* sued *Alexander* in the court below for slander. The words charged to have been spoken are, "*Harrison Thomas*," the plaintiff meaning, "is a thief." "*Harrison Thomas*," the plaintiff meaning, "is a G—d d—d thief." "You must watch *Harrison Thomas*," the plaintiff meaning, "as he is a thief." "He," the plaintiff meaning, "stole a sheep."

The defendant answered: 1st. General denial. 2d. Justification, averring a larceny of a sheep. Reply, denial. Trial by jury; verdict for the plaintiff for $1,100. Motion by the defendant for a new trial overruled. Motion in arrest of judgment overruled, and judgment on the verdict.

It is claimed that the court below ought to have granted the defendant a new trial on account of the mis-conduct of the jury. There is one affidavit of mis-conduct, and two in contradiction of the charge. The court below believed the two jurors who swore to the good conduct of the jury, and disbelieved the bailiff who swore to the mis-conduct of the jury. We cannot revise that ruling. If the facts were as stated by the two jurors who gave their affidavits, the court committed no error in overruling the motion for a new trial on this ground. *Guard* v. *Risk*, 11 Ind. 156; *Dunn et al.* v. *Hall*, 8 Blackf. 32.

It is urged that the damages are excessive, and that the court below ought to have granted the defendant a new trial for this reason. A new trial will not be granted in such a case, on the ground of excessive damages, unless

the damages are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption. *Guard* v. *Risk, supra.* But in the record in the case in judgment, we see nothing to induce the conclusion that the jury have even misjudged on the subject of damages. The motion in arrest was correctly overruled. The words charged to have been spoken are actionable *per se.*

The judgment is affirmed, with costs, and five per cent. damages.

*C. Denby* and *W. P. Edson,* for appellant.

*W. Harrow, E. M. Spence, T. A. Hendricks* and *O. B. Hord,* for appellee.