62b 495
155a  94

ANNA E. VAN BUREN *vs.* THE REFORMED CHURCH OF
GANSEVOORT, Saratoga county, New York.

Where, in an action against a corporation, the defendant's corporate existence
is directly put in issue by the pleadings, the first step, in the progress of the
trial is, to establish the fact, by proof, that the defendant is a corporation,
capable of contracting a debt, and of being sued therefor.

The existence of a church, proper, as an organized body, is not recognized by
our municipal law.  In order to give an organization for public worship legal
rights, and to impose upon it legal obligations as a corporate body, there
must be either a special law declaring its existence, or an incorporation un-
der the provisions of the general law relating to religious societies.

As against all persons with whom a body assumes to act in a corporate capa-
city, it is sufficient to show such body to be a corporation *de facto*.  But,
two things are necessary to be shown, in order to establish the existence of
a corporation *de facto*, viz: 1. The existence of a charter, or some law un-
der which a corporation with the powers assumed might lawfully be created ;
and 2. A use, by the party to the suit, of the rights claimed to be conferred
by such charter or law.

Mere user, however, or the assumption of corporate capacity, limited to reli-
gious observances, is not sufficient to establish a corporation *de facto*.

Church music, in small country villages or hamlets, being usually gratuitous,
the mere fact that one sings in a choir, or plays on an instrument as an ac-
companiment, on occasions of church service on the sabbath, raises no implica-
tion of pecuniary liability, against the corporate body.

Such services will be presumed to have been gratuitous.  And to authorize a
recovery for services as an organist, it must be clearly proved that there was
an actual employment of the plaintiff by the defendant, and a promise, bind-
ing on the *corporate body*, to pay the plaintiff for the service.

ACTION by the plaintiff to recover for her services as
organist, rendered in the defendant's church edifice at
Gansevoort, Saratoga county, between October 1869, and
April 1871.

*J. W. Eighmy*, for the plaintiff.

*A. Pond*, for the defendant.

BOCKES, J.  It is not disputed that the plaintiff played
the organ at the church edifice, during the period for
which the claim is made, on all or nearly all occasions

when there was church service. But it is insisted, by way of defense, 1st. That the defendant, "The Reformed Church," &c., was not, and is not, a corporation; never had legal existence; hence is incapable of contracting a debt or of being sued. 2d. That even admitting its corporate existence, there was no employment of the plaintiff by the defendant; and, 3d. That the services were, in fact, gratuitous.

*First.* It is averred, in the complaint, that the defendant is "a corporation under the laws of the State of New York, named and called The Reformed Church of Gansevoort, Saratoga county, N. Y." This averment is denied in the answer, wherein it is stated as follows: "That the defendant is not a corporation, as alleged in the complaint, and was not, at the time of the commencement of this action;" and each and every allegation relating thereto in the complaint contained is denied. (*See* 2d *defense.*) The defendant's corporate existence is therefore directly in issue by the pleadings. (5 *Bosw.* 716.) The first step in the progress of the trial was, consequently, to establish the fact by proof, that the defendant was a corporation, capable of contracting a debt and of being sued therefor.

It is not pretended that the defendant is a body corporate by virtue of any special act of the legislature declaring it such; nor is there any proof that it had existence under the act for the incorporation of religious societies. No certificate of incorporation is produced, or shown ever to have existed. On the contrary, the only proof in the case, on this point, is to the effect that there was no incorporation; no corporate body capable of performing any legal act, or of prosecuting or defending in a court of law. True, there were stated meetings of individuals for the purpose of religious worship; but there was no proof of the existence of a corporate body, having legal rights and subject to legal obligations. As was said by Judge Selden in *Petty* v. *Tooker*, (21 *N. Y.* 267, 271,) "the existence

Van Buren *v.* Reformed Church of Gansevoort.

of a church proper, as an organized body, is not recognized by our municipal law. In order to give an organization for public worship legal rights, and to impose on it legal obligations as a corporate body, there must be a special law declaring its existence, or there must be an incorporation under the provisions of the general law relating to religious societies." In this case there is no special act creating the defendant a corporation; nor is there any proof of an incorporation under the general law.

But it is urged that the defendant was and is a corporation *de facto,* even admitting that it had no legal corporate existence; and hence that it may be held to answer in an action for a breach of contract. So it is insisted that as against all persons with whom a body assumes to act in a corporate capacity, it is sufficient to show such body to be a corporation *de facto.* This is undoubtedly the settled rule of law. The question then arises, what is necessary to establish the existence of a corporation *de facto?* This question is answered by Judge Selden in the case of the *Methodist Episcopal Union Church* v. *Pickett,* (19 *N. Y.* 485.) He says: "Two things are necessary to be shown in order to establish the existence of a corporation *de facto,* viz., 1. The existence of a charter, or some law under which a corporation, with the powers assumed, might lawfully be created; and, 2. A use, by the party to the suit, of the rights claimed to be conferred by such charter or law." Now, in this case no charter is shown; nor is it shown that any attempt was ever made to incorporate under the law relating to religious societies. All that is shown, at most, is that the defendant, or certain persons acting under the name of the Reformed Church, &c., has maintained regular religious observances and church service for a period of twenty years or more; but, for ought that appears, without any charter or written declaration of rights, powers, rules or specific actions of general purposes. All that is shown is mere user, limited to religious

observances. Mere user, however, or the assumption of corporate capacity, is not sufficient to establish a corporation *de facto*. Judge Selden says, in the last case above cited, "this" (the establishment of corporations by user) "cannot be done by simply showing that they have acted as corporations for any period of time, however long." In this case, therefore, enough is not shown to establish the defendant's existence as a corporation *de facto*.

In no view of the case, consequently, is it made to appear that the defendant, as a corporation, is liable to the plaintiff in this action.

*Second.* But even were the corporate existence of the defendant established, the action cannot be maintained if the services were gratuitous; nor unless there was an actual employment of the plaintiff by the defendant.

Usually church music is gratuitous, in small country villages or hamlets, like Gansevoort. The pastor, who devotes all his time and energies to his calling, is but poorly compensated. The pecuniary condition of his parishioners is such that his ministration is of necessity very much a labor of love and duty. The choir is made up of amateurs, often but little instructed in the science of melody; and this part of church service is, in such places, rather the observance of religious duty, than the exercise of professional art and cultivated taste. The vocalist, and those who aid with instruments, do not expect or desire pecuniary recompense. The mere fact that one sings in the choir, or plays on an instrument as an accompaniment, on occasions of church service on sabbath days, raises no implication of pecuniary liability, against the corporate body. These services are presumed to be gratuitous. In this case, therefore, there can be no recovery, if it be not clearly proved that there was an actual employment of the plaintiff by the defendant, and a promise binding on the *corporate body* to pay her for the service.

Van Buren *v.* Reformed Church of Gansevoort.

There is no proof of any resolution of the board of officers directing her employment; nor does it appear that her employment was ever considered or discussed at any business or other meeting of the officers of the church; nor, in point of fact, was there any agreement with any one that the *defendant, the corporate body,* should pay or be liable to the plaintiff on account of the services for which compensation is claimed. According to the plaintiff's statement, it was the members of the church or congregation who wanted her to play the organ—*they,* as was said, had talked it up—and *they* would pay—*they* would have a donation, &c., and if $100 was not obtained *they* would make it up. This is the substance of the plaintiff's evidence. On the other hand, those with whom the plaintiff conversed, and with whom, as she states, the agreement was made, deny, explicitly, all liability and employment on the part of the church. Indeed, according to their testimony, they neither had authority to bind, nor did they intend to bind, the organization to the payment to her of any sum whatsoever. As they state the case, the request to her to play was personal on their part, and to be gratuitous, except in so far as compensation might be made by voluntary contribution. According to the evidence there was neither employment of the plaintiff by the *defendant,* nor authority given on its part to employ her; nor did any one assume to bind the church, as a body corporate, by any agreement between it and her.

The complaint must be dismissed.

[SARATOGA SPECIAL TERM, June 13, 1869. *Bockes,* Justice.]