JOHN ROBERTS *against* THE NATIONAL ICE COMPANY.

(Decided April 3d, 1876.)

In a complaint against a corporation, it is not necessary to allege that it is a corporation, but that fact may be proved on a trial.

Where the summons in a suit in a District Court, incorrectly stated the corporate name of the defendant, but a bill of particulars correctly stated it: *Held*, that the justice, after the defendant had appeared and not taken the objection by answer, but had put in a general denial, had power to amend the summons by inserting the correct name of the corporation.

Where it appeared that the defendant, "The National Ice Company," acting under that name, employed the plaintiff to drive an ice wagon which bore upon its sides the words "The National Ice Company," *Held*, that this was sufficient evidence of incorporation to maintain the action.

APPEAL by defendant from a judgment of the Seventh District Court in the city of New York. The facts are fully stated in the opinion.

VAN HOESEN, J.—The pleadings in this case were oral. The plaintiff sued for two weeks' wages as a driver of an ice wagon. No allegation that the defendant is a corporation was made. The defendant interposed a general denial. Under the pleadings, it was competent for the plaintiff to prove the corporate existence of the defendant. "A corporation may be declared against by the name by which it is known, without alleging it to be chartered or incorporated; if the description impliedly amounts to an allegation that the defendants are a corporate body" (*Acome* v. *American Mineral Co.* 11 How. Pr. 26; *Lighte* v. *Everett Fire Ins. Co.* 5 Bosw. 716; Ang. & Ames on Corporations, sec. 649, 8th ed.). If there was, as the defendant alleges, a misnomer of the corporation, advantage of it should have been taken by answer (Angell & Ames on Corporations, sec. 650). Though the summons was directed to the Croton Lake Ice Company, the bill of particulars stated the name of the defendant correctly. There was no error in correcting the name in the summons; there being no

doubt that the real defendant was actually served, and was actually before the court.

The counsel for the defendant moved to dismiss the complaint, because the plaintiff had failed to prove the corporate capacity of the defendant. Where a corporation is sued, the plaintiff is bound to establish that the defendant is actually incorporated, or is a corporation *de facto*, or that assuming to be a corporation, and acting as such, it made the contract which is the subject of the action (*Stoddard* v. *The Onondaga Conference*, 12 Barb. 573; *Lighte* v. *Everett Ins. Co.* 5 Bosw. 716; *Van Buren* v. *The Reformed Church*, 62 Barb. 495). It is unquestionably true that the plaintiff failed to show that the defendant was a corporation regularly chartered, or even a corporation *de facto*, but there is evidence in the case, that acting under a corporate name, and assuming to be a corporation, it employed the plaintiff to drive a wagon which bore upon its sides the words The National Ice Company, an assertion that the defendant had a corporate existence.

The main ground of defense was that the plaintiff, when in the employ of the defendant at a former time, had, by knowingly and willfully giving credit to irresponsible customers, made himself personally liable for the ice which those customers failed to pay for. The defendant did not attempt to establish this alleged liability as a counterclaim, nor was any affirmative defense pleaded. How the defendant expected the justice to regard the evidence offered on this branch of the case, I am at a loss to discover. The justice could not consider the supposed liability to be a counterclaim, and except as a counterclaim, it could not be a defense.

The judgment should be affirmed.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Judgment affirmed.