## THE INDIANAPOLIS SUN CO. *v.* HORRELL.

PLEADING.—*Name Importing that Defendant is a Corporation.*—Where the name by which a defendant is sued imports that the defendant is a corporation (as "The Indianapolis Sun Company"), the complaint need not expressly allege that the defendant is a corporation.

LIBEL. — *Pleading.* — *Publication.* — A complaint for libel alleged that the defendant, on, etc., at, etc., maliciously intending, etc., "did write, print and publish, and cause to be written, printed and published in a certain newspaper, called," etc., a certain false, etc., libel, of and concerning the plaintiff, etc.

*Held,* on demurrer, that it was not necessary to allege that said newspaper was a circulating newspaper, or to aver in detail the manner or extent of the publication, and that the publication was sufficiently alleged.

SAME.—*Damages.*—For a libel charging that the plaintiff was a recently-released penitentiary convict, damages in the sum of eight hundred dollars were held not excessive.

SAME.—*Malice.*—A libel must be malicious, but malice may be inferred from its wrongful and intentional publication.

From the Marion Civil Circuit Court.

*Buchanan, Williams & Whitehead,* for appellant.

*J. S. Harvey, B. K. Elliott* and *A. C. Ayers,* for appellee.

PERKINS, J.—Albert J. Horrell, the appellee, brought an action in the Marion Civil Circuit Court, charging, that "the Indianapolis Sun Company," the appellant, on the 8th day of August, 1874, at, etc., maliciously intending, etc., "did write, print and publish, and cause to be written, printed and published, in a certain newspaper, called the 'Indianapolis Sun,' a certain false, scandalous and malicious libel, of and concerning the said plaintiff" (appellee), "which false, scandalous and malicious libel is as follows, to wit:

"'It is positively asserted that one Horrell' (the plaintiff meaning), 'a city detective, employed by the city' (meaning the city of Indianapolis, and that said plaintiff was a policeman of said city), 'is a recently-released penitentiary convict,' thereby, then and there, meaning and charging," etc.

The defendant appeared and demurred to the complaint, "for the reason that said complaint does not state facts sufficient to constitute a cause of action."

The demurrer was overruled, and exception taken.

The defendant answered in two paragraphs:

1. The general denial.

2. Matter in mitigation.

The plaintiff moved to strike out the second paragraph of the answer. The motion was overruled. He then demurred to the paragraph, and the demurrer was overruled. A reply in denial followed.

Jury trial; verdict for plaintiff, for eight hundred dollars, and judgment, over a motion for a new trial, on the verdict.

The reasons assigned in the motion for a new trial were:

1. Erroneous instructions to the jury.

2. Excessive damages.

3. Verdict not warranted by the evidence.

The errors assigned in this court are:

1. The court erred in overruling the demurrer to the complaint.

2. The court erred in overruling the motion for a new trial.

In her brief in this court, the appellant, the Sun Company, says: "The defects in the complaint intended to be reached by the demurrer are: 1st. There is no allegation in it that 'The Indianapolis Sun Company' is a corporation. 2d. There is no allegation in it that the 'Indianapolis Sun' is a circulating newspaper; in fact, no allegation in the complaint that the libel was ever published."

As to the first alleged defect in the complaint. It has always been the law in this State, that a plaintiff, suing in a name importing that it is a corporation, need not expressly aver the fact that it is such.

In *Harris* v. *The Muskingum Manufacturing Co.*, 4 Blackf. 267, the objection was made, that the complaint did not aver that the plaintiff was a corporation.

The court, BLACKFORD, J., delivering the opinion, said: "There is no ground for this objection. The name itself implies that the plaintiffs are a corporation."

This decision has been followed down to this time. Now,

it is very difficult to see why the same rule should not govern, when a party is sued by a name importing that it is a corporation, as when it sues by such name. Suing or defending by such name impliedly alleges that it is a corporation.

In New York, the well settled rule is the same as in Indiana, viz., that a plaintiff, suing in a name importing that it is a corporation, need not aver in its complaint that it is a corporation. And in *Lighte* v. *The Everett Fire Ins. Co.*, 5 Bosw. 716, the rule was applied in a suit against a party by a name importing that it was a corporation. The judge said:

" But it being established that a name carries with it the assertion of a fact, I can see no reason for not applying the same rule to defendants."   ,

We do not cite this case as authority, but because it accords with our own view of the proper application of the rule as to plaintiffs.

We proceed to the second point sought to be raised by the demurrer to the complaint, viz., that the libel is not shown to have been published.

It is averred in the complaint, that the appellant, The Indianapolis Sun Company, did write, print and publish, and cause to be written, printed and published, in a certain newspaper called the "Indianapolis Sun," etc. It is claimed that the complaint should have gone further, and added that the "Sun" was a newspaper of general circulation, etc.

The objection made, that the libel is not shown to have been published, is groundless.

Chitty, in the first volume of his work on Pleading, p. 421, says:

" The declaration must show a publication of the libel or slander; but any words that denote a publication are sufficient. After verdict, an allegation that the defendant printed and caused to be printed a libel in a newspaper, was held to be sufficient."

Swan, in the first volume of his Practice, an accurate

work, in a note on p. 558, lays it down, that "the declaration must show a publication; but the word 'published' is not absolutely necessary, and the words 'printed and caused to be printed' have been holden sufficient."

One, at least, of the leading cases on this point is *Baldwin* v. *Elphinston*, 2 Wm. Blackstone, 1037. The declaration contained two counts. The first charged the defendant with "printing and publishing, in the St. James' Chronicle, a libel," etc. The second charged him with "printing, and causing to be printed," a libel, etc. It was objected, after verdict, that the second count did not aver a publication.

DE GREY, C. J., delivered the unanimous opinion of the court:

" We are all of opinion to affirm the judgment. * * * * There are various modes of publication, and no technical words are necessary to describe it. * * * * Printing a libel may be an innocent act; but, unless qualified by circumstances, shall, *prima facie*, be understood to be a publishing. It must be delivered to the compositor, and the other subordinate workmen. Printing in a newspaper (as laid in the declaration) admits of no doubt upon the face of it. It shall be intended a publication, unless it be shewn that the newspaper so printed by the defendant was suppressed, and never published."

But the complaint in this case avers, as two material facts, that the libel was printed and published. To publish, means to make publicly known, to proclaim to the public, etc. It was not necessary that the complaint should aver, in detail, the manner or extent of publication. It was necessary that it should aver that the libel was published. It would depend upon the evidence whether the averment was true in fact. The allegations in this complaint made it good on demurrer.

The averment of publication, in the complaint, was sufficient, both at common law and under the code. See Abbott's Pleadings under the New York code, p. 331.

We proceed to the objection that the damages are exces-

sive. The judgment of the jury, not of the court, is to determine the just measure of damages. But it must be their judgment, unbiased by prejudice, uninfluenced by corruption or undue means; and the damages may be so enormous as to raise the inference that they were not assessed by such impartial, honest judgment, and justify the court in setting aside the verdict for excessive damages. The damages awarded by the jury in this case were eight hundred dollars.

To aid us in coming to a conclusion on this point, we have looked into the cases in our own court for precedents.

In *Clarkson* v. *M'Carty*, 5 Blackf. 574, which was an action for libel, the damages found by the jury were one thousand four hundred dollars. Held not excessive.

In *Sanders* v. *Johnson,* 6 Blackf. 50, an action for slander, the damages were two thousand seven hundred and thirty-six dollars. Held not excessive.

In *Guard* v. *Risk*, 11 Ind. 156, an action for slander, they were seven hundred and seventy-five dollars. Held not excessive.

In *M'Intire* v. *Young*, 6 Blackf. 496, an action for slander, the damages were one thousand dollars. Held not excessive.

In *Alexander* v. *Thomas*, 25 Ind. 268, an action for slander, the damages were one thousand one hundred dollars. Held not excessive.

In *Iseley* v. *Lovejoy*, 8 Blackf. 462, a case of slander, the damages were six hundred and thirty-seven dollars. Held not excessive.

In *Dunn* v. *Hall*, 1 Ind. 344, the damages were five hundred dollars. Held not excessive.

But it is claimed that erroneous instructions by the court contributed to swell the damages found by the jury. Only three of the instructions are in the record. We cannot say, therefore, how far those in the record may have been modified by others given and not incorporated in the record. We, however, are unable to see wherein those given and appearing in the record are erroneous without qualification.

The court, in the first instruction in the record, told the jury, that "the plaintiff is entitled to recover compensatory damages, at least; that is, such sum as the jury shall determine to be a full compensation to him for the injury he has sustained from the publication."

In the third instruction, the court told the jury:

"If the publication was made without malice in fact, the the plaintiff's damages should be carefully limited to his just and full compensation."

Counsel for appellant contend that the instruction should have used the words "fair and reasonable," instead of the words "just and full" compensation. The words suggested by the counsel would have been suitable and proper, and had they been used, the instructions would have been none the less correct than they now are, and the amount of damages assessed could hardly have varied a single mill from the amount in the verdict rendered under the instructions given.

We cannot disturb the verdict on the weight of the evidence.

The libel must have been malicious, but malice may be inferred from its wrongful publication, intentionally made. We see no error in the case.

The judgment is affirmed, with costs.