Kelsey v. Hay.

---

No. 9557.

## KELSEY v. HAY.

BILL OF EXCEPTIONS.—*Time Given to File.*—At the November term, 1881, a motion was made for a new trial, which was taken under advisement until the next, and sixty days were allowed to file a bill of exceptions, but none was filed within that time. At the next term the motion was overruled, and sixty days again given to file a bill, with special leave " to save all exceptions taken at the trial."

*Held,* that the special leave thus given was a nullity.

MALPRACTICE.—*Excessive Damages.—New Trial.*—The sum of $4,500 is not such excessive damages as will warrant a new trial in a suit against a surgeon for malpractice, the result of gross ignorance and mismanagement, whereby the plaintiff was made helpless for life.

SAME.—A new trial on account of excessive damages, in a suit against a surgeon for malpractice, will only be granted where they are so excessive as to indicate that the jury acted from prejudice, partiality or corruption, or were misled as to the proper measure of damages.

From the Cass Circuit Court.

*D. Turpie, H. C. Thornton* and *W. Spangler*, for appellant.
*J. L. Farrar, J. Farrar, M. Winfield* and *W. C. Farrar*, for
appellee.

BICKNELL, C. C.—This suit was commenced in the Pulaski
Circuit Court, and was taken by change of venue to the Cass
Circuit Court.   It was brought by the appellee against the
appellant as a physician and surgeon, for malpractice.

The complaint, in its first paragraph, alleged that plaintiff,
having broken both of his legs, employed the defendant to
set, heal and cure them, and that, by the negligence and un-
skilfulness of the defendant in that employment, the plain-
tiff lost the use of his legs, to his damage $10,000.

The second paragraph alleged that the plaintiff's legs were
broken, and that the defendant, after examining them, told
the plaintiff that he could set and heal them and make them
as good as they ever were ; that thereupon the plaintiff em-
ployed him for that purpose ; that defendant pretended that
he did skilfully set the broken bones, but, as he well knew, he
had not sufficient medical and surgical skill for such business,
and never did properly set said bones, but applied plaster of
paris thereto unskilfully, so that the bones remained and
still remain out of place and entirely useless, to plaintiff's
damage $20,000.

The third paragraph alleged that the defendant, being a
physician and surgeon, undertook to treat the plaintiff for the
aforesaid injuries, with skill and care, but failed so to do, and
so carelessly, negligently and unskilfully treated the plaintiff
for six months, that none of the fractures were properly set,
and so carelessly, negligently and unskilfully applied banda-
ges below the knees, that the plaintiff suffered great pain,
and his legs became deformed, crooked, weak and useless, so
that he has become a cripple for life, to his damage $50,000.

The defendant answered by a general denial.   The jury
who tried the issues returned the following verdict and special
findings, upon interrogatories submitted at defendant's request :

"We, the jury, find for the plaintiff and assess his damages at $4,500."

· "Question 1. Did the plaintiff contribute to the present condition of his legs by disobeying the directions of the defendant? Ans. No.

"Question 2. Did the defendant exercise ordinary skill and care in setting and treating the plaintiff's broken legs? Ans. No.

"Question 3. Did the plaintiff in the month of July, 1874, in violation of the defendant's orders, attempt to walk on his legs and fall down and injure them? Ans. No.

"Question 4. Did the plaintiff obey the instructions of the defendant, during the first three months after his legs were broken, in regard to keeping his legs at rest and quiet? Ans. Yes."

The defendant moved for a new trial and filed seventeen reasons therefor. This motion was made at November term, 1880, and was taken under advisement until the next term.

The record of the November term shows the following entry : "And sixty days are allowed to file a bill of exceptions, and, on motion of defendant, the instructions given and refused are made a part of the record, and are as follows : "

At February term, 1881, the court overruled the motion for a new trial, to which ruling the defendant excepted; he then moved in arrest of judgment; this motion was overruled and the defendant excepted.

The court then rendered judgment upon the verdict, and the defendant appealed.

After the prayer for an appeal, the record shows the following entry :

"And the defendant has sixty days to prepare and file a bill of exceptions, and in said bill of exceptions has leave to embody all the evidence taken and heard on the trial of this cause, and to save all exceptions taken at the trial, and all exceptions taken and saved on the overruling of the motion for a new trial."

No bill of exceptions was filed under the leave taken at the November term, but, at the February term following, the court, by said special order, undertook to save the exceptions taken at the former term. This special order as to the exceptions taken at a previous term was a mere nullity; the court had no authority to make it; the rule is that exception must be made at the time of the decision, and the bill of exceptions must be filed during the then existing term of court, unless time therefor be extended beyond the term by an order of court made during the term. *Sohn* v. *Marion, etc., G. R. Co.*, 73 Ind. 77; *Backus* v. *Gallentine*, 76 Ind. 367.

The bill of exceptions filed within the sixty days granted at February term, 1881, although sufficient to bring the evidence into the record, and to save the exception to the overruling of the motion for a new trial, does not save any of the exceptions taken at November term, 1880, when the trial was had. *Supreme Lodge, etc.*, v. *Johnson*, 78 Ind. 110.

The exceptions to the instructions were saved, because the record shows that the proper exceptions, signed by the defendant's attorneys, were entered on the margin of the instructions, and that all the instructions were, by the order of the court at November term, 1880, made part of the record and filed. No bill of exceptions was needed in such a case, as to the instructions; but the objections to the instructions, although alleged as the fourth and fifth reasons for a new trial, are not discussed in the appellant's brief, and are, therefore, waived. It follows that of the seventeen reasons for a new trial only four can be considered, namely, 1st. That the verdict is not sustained by sufficient evidence. 2d. That the verdict is contrary to law. 3d. That the verdict is contrary to the evidence. 6th. That the damages are excessive.

The errors assigned by appellant are: 1st. Overruling the motion for a new trial. 2d. Overruling the motion in arrest of judgment. 3d. That the complaint does not state facts sufficient to constitute a cause of action. 4th, 5th and 6th.

That the several paragraphs of the complaint do not severally state facts sufficient to constitute a cause of action.

Of these assignments of error, the first only is alluded to in the appellant's brief. All the others are, therefore, regarded as waived, and the only questions to be considered are those arising upon the first, second, third and sixth reasons for a new trial, as hereinbefore stated.

Physicians and surgeons, practicing in small towns, or rural or sparsely populated districts, are bound to possess and exercise at least the average degree of skill possessed and exercised by the profession in such localities; and there can be no recovery against a physician for mere neglect or unskilful treatment where the plaintiff's own negligence directly contributed to the injury. *Gramm* v. *Boener,* 56 Ind. 497.

The appellant claims that the evidence shows no want of such skill as is above required, and also shows that the appellee's own negligence and disobedience of the appellant's directions contributed to his injuries.

Upon both of these matters the testimony is conflicting. If the jury believed some of the witnesses, they had a right to find that the appellant lost the use of both of his legs and was disabled for life by a great lack of skill and knowledge and extraordinary mismanagement on the part of the appellant, and that there was no disobedience by the appellee of the appellant's directions. In such a case the verdict can not be set aside as contrary to the evidence, or as unsustained by sufficient evidence. *Becker* v. *Denmure,* 78 Ind. 147.

The question as to amount of damages belongs to the jury. In relation thereto they have a very broad discretion. *City of Delphi* v. *Lowery,* 74 Ind. 520 (39 Am. R. 98.) The general rule has been that a new trial will not be granted, in an action of this kind for excessive damages, unless they are so clearly excessive as to indicate that the jury acted from prejudice, partiality or corruption, or were misled as to the measure of damages. *City of Delphi* v. *Lowery, supra; Indianapolis, etc.,*

*R. R. Co.* v. *Stout*, 53 Ind. 143; *Pittsburg, etc., R. W. Co.* v. *Hennigh*, 39 Ind. 509; *Alexander* v. *Thomas*, 25 Ind. 268; *Guard* v. *Risk*, 11 Ind. 156. That the jury assessed higher damages than the court would have assessed is no reason why the verdict should be set aside. *Chenowith* v. *Hicks*, 5 Ind. 224.

It does not follow because not more than $5,000 can be recovered by a man's representatives for an injury causing his death, that, therefore, less than that must be a compensation for great personal suffering and permanent disability and helplessness consequent upon losing the use of both legs. In *Deppe* v. *Chicago, etc., R. R. Co.*, 38 Iowa 592, $9,000 was held not excessive, where there were great suffering and disability for life. In *City of Chicago* v. *Langlass*, 66 Ill. 361, $5,000 for severe personal injuries was held not excessive. In *Shaw* v. *Boston, etc., R. R. Co.*, 8 Gray 45, $22,250 was held not excessive, where the plaintiff had lost one arm and the use of the other. We can not say that the sum of $4,500, allowed by the jury in this case, was so clearly excessive as to require the verdict to be set aside.

The verdict was not contrary to law, and the judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellant.