The Evansville and Terre Haute Railroad Company *et al. v.* Talbot.

No. 14,043.

THE EVANSVILLE AND TERRE HAUTE RAILROAD COM-
PANY ET AL. *v.* TALBOT.

MALICIOUS PROSECUTION.—*Excessive Damages.— When Verdict will not be Disturbed.—New Trial.*—In an action for malicious prosecution which involves the question of compensation for an injury to character, a new trial will not be granted on the ground of excessive damages, unless they are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption.

SAME.— *Witness.—Testimony of in Criminal Cause.—Admissibility of in Action for Malicious Prosecution.*—Where one of the appellants in the cause was a witness, and testified at the trial of the appellee on the charge of embezzlement, it was proper for the appellee in his action to recover damages for malicious prosecution on account of said charge of embezzlement, to prove what the testimony of said appellant was on the criminal trial.

SAME.—*Instructions to Jury.*—An instruction in an action to recover damages for an alleged malicious prosecution, which stated, among other things, that the plaintiff before he could recover must prove by a preponderance of the evidence "that the defendants, or such as are held liable, caused the arrest of the plaintiff, or were instrumental therein, or in some way voluntarily aided or abetted in the prosecution of the plaintiff," is not objectionable on the ground that it assumes some of the defendants will be held liable, when taken in connection with a subsequent instruction which informed the jury that "there can be no finding against any defendant who is not shown to have been connected with the instigation or carrying on of the prosecution."

INSTRUCTIONS TO JURY.—*Must be Considered Together.*—Instructions given to a jury must be considered as a whole. If when taken together they fairly and correctly state the law, the cause will not be reversed, even if some of the instructions, considered alone, might seem incorrect.

VERDICT.— *Weight of Evidence.*—Where there is testimony which is susceptible of an interpretation that will sustain the verdict the same will not be disturbed.

From the Warrick Circuit Court.

*J. E. Iglehart* and *E. Taylor,* for appellants.
*G. Palmer* and *D. B. Kumler,* for appellee.

McBRIDE, J.—The appellee was prosecuted on a charge of embezzlement and acquitted.

He then commenced this suit against the appellant railroad company, and certain of its officers, charging that the prosecution was instigated by them, and that it was malicious and without probable cause.

The trial resulted in a verdict and judgment in his favor against the company and one of the officers, and in favor of the other officers sued.

The principal question argued here is the sufficiency of the evidence to sustain the verdict. The appellants contend with much earnestness that it is insufficient. As the testimony comes to us, in the bill of exceptions, if we were authorized to weigh it and to decide with the party having the preponderance, we would unhesitatingly reverse the judgment. As it thus reaches us the appellee not only has not a preponderance, but the evidence seems to preponderate strongly in favor of the appellants.

The examination of this question necessarily involved the reading of the testimony—a work of no small magnitude. As a result, we are not able to say that there is no evidence tending to sustain the verdict. No good purpose would be subserved by quoting or examining here any portion of the testimony, which covers over one thousand pages of manuscript. It is enough to say that there is testimony which is susceptible of an interpretation that will sustain the verdict. While it is also open to a different construction, in accordance with the claim of the appellants, it is evident that the jury and the trial judge decided the question of interpretation adversely to them.

One of the principal reasons for the rule of practice now so firmly established that this court will not weigh conflicting evidence is, that the jury and trial judge, hearing the testimony as it falls from the lips of the witnesses, with opportunity to observe their demeanor and manner of testifying, and having the benefit of many surrounding and attendant circumstances which can never reach this court through the medium of a bill of exceptions, are in better

situation to draw correct inferences and to construe and weigh the testimony than we are. We can not, therefore, reverse, the case on the evidence.

The appellants also insist that excessive damages were awarded. The verdict was for $6,500.

Courts seldom disturb verdicts on the ground that compensation for an injury to character has been estimated by too high a standard. In cases of this. character a new trial will not be granted on the ground of excessive damages, unless they are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption. *Guard* v. *Risk*, 11 Ind. 156; *Alexander* v. *Thomas*, 25 Ind. 268; *Crocker* v. *Hadley*, 102 Ind. 416.

An action for malicious prosecution, like actions for libel or slander, involves the question of compensation for an injury to character. We can not disturb the verdict on that ground.

The appellants asked the court to give several special instructions, which were refused. The correctness of this ruling is questioned. We find in examining the instructions given by the court, and comparing them with those refused, that in so far as those asked and refused were correct they were substantially and fairly embodied in those given.

The third instruction given by the court, on its own motion, is as follows:

" 3d. Before the plaintiff will be entitled to recover anything he must prove by a preponderance of the evidence: 1st. That the plaintiff was charged with the crime of embezzlement. 2d. That he was arrested upon said charge. 3d. That he was tried and acquitted upon said charge.

" 4th. That the defendants, or such as are held liable, caused the arrest of the plaintiff, or were instrumental therein, or in some way voluntarily aided or abetted in the prosecution of the plaintiff.

" 5th. That such prosecution was malicious and without probable cause."

To this instruction the appellants object because, they say, it "assumes that some of the defendants will be held liable." We do not think the objection is well founded. In our opinion the instruction is unobjectionable, when it is read, as it must be, in connection with the other instructions given. By its 6th instruction the court charged the jury as follows:

"6th. Your verdict in this case, if the facts warrant it, may be against some of the defendants, and in favor of the others; but there can be no finding against any defendant who is not shown to have been connected with the instigation or carrying on of the prosecution."

Similar objection is made to the 31st and 32d instructions, which are as follows:

"31st. Though probable cause can not be inferred from malice, yet in determining whether there was or was not probable cause, the fact that there was ill-will, or malice, may be considered.

"32d. The jury may consider, as tending to support the action, delay in commencing the prosecution, after the alleged commission of the offence, and in bringing said prosecution to a trial after it was commenced."

The appellants complain that No. 31 assumes that there was ill-will, or malice on the part of the appellants against the appellee, and that No. 32 assumes: 1st. That the prosecution was, in fact, commenced by the appellants, and, 2d. That there was delay in the prosecution.

It is well settled that instructions given to a jury must be considered as a whole. If, when taken together, they fairly and correctly state the law, the cause will not be reversed, even if some of the instructions, considered alone, might seem incorrect. *Eggleston* v. *Castle*, 42 Ind. 531; *Kirland* v. *State*, 43 Ind. 146; *Brooks* v. *Allen*, 62 Ind. 401; *Nicoles* v. *Calvert*, 96 Ind. 316; *Wright* v. *Fansler*, 90 Ind. 492; *Louisville, etc., R. W. Co.* v. *Grantham*, 104 Ind. 353; *Town of Rushville* v. *Adams*, 107 Ind. 475; *Indiana, etc., R. W.*

·*Co.* v. *Cook,* 102 Ind. 133; *Cline* v. *Lindsey,* 110 Ind. 337; *Craig* v. *Frazier,* 127 Ind. 286.

The instructions in this case, when taken together, we think fully and fairly state the law.

One of the appellants was a witness, and testified at the trial of the appellee on the charge of embezzlement. On the trial of the case at bar the appellee was allowed to call a witness to prove what the testimony of this appellant was on the criminal trial. This was not error. *Shannon* v. *Spencer,* 1 Blackf. 526.

We find no error in the record.

Judgment affirmed, with costs.

Filed Feb: 2, 1892; petition for a rehearing overruled April 19, 1892.