BANGERT *v.* HUBBARD.

[No. 18,600. Filed June 19, 1957. No opinion by majority on denial of transfer.]

### DISSENTING OPINION

LANDIS, J.—I am unable to agree with the opinion of the Appellate Court reported in 127 Ind. App. 579, 126 N. E. 2d 778, reversing appellee's-plaintiff's judgment upon the second paragraph of complaint for damages for malicious prosecution.

The second paragraph of appellee's-plaintiff's complaint, appearing at page 586 of 127 Ind. App., and at page 781 of 126 N. E. 2d, among other things, alleged:

"7. That plaintiff by reason of the foregoing suffered and still suffers great mental anguish and plaintiff also suffered physical arrest and detention and discomfort and the plaintiff's reputation has been besmirched and blackened and has been grievously damaged by the wrongful action of the defendant as aforesaid and by the said offense so maliciously and wrongfully charged against him without probable cause, all to the plaintiff's damage in the sum of Twenty-five Thousand Dollars ($25,000.00)."

The Appellate Court's opinion says a search of the record reveals the only evidence of damages proved was that of $100 which appellee-plaintiff paid for counsel fee growing out of his arrest on appellant's blackmail charge. The opinion mentions there were articles in the newspaper as to appellee's-plaintiff's

arrest as well as to the subsequent dismissal of the charge, but the court's opinion states at page 586 of 127 Ind. App., and at page 782 of 126 N. E. 2d: " . . . we find no evidence or attempt to prove damages to the appellee resulting from the publication thereof. . . ." That witnesses testified his " . . . reputation was good . . ." and no evidence was introduced to show appellee-plaintiff had ". . . suffered loss of reputation or humiliation, embarrassment or suffering . . . as the result of the charge of blackmail having been filed."

The Appellate Court reversed the judgment of the lower court, and held the jury's verdict of $10,500 for malicious prosecution was excessive.

Contrary to the Appellate Court's opinion requiring specific evidence of damage to reputation, the Restatement of the Law, Torts, §670, pp. 428, 429, Vol. III, Ch. 29, states:

> "a. The institution of criminal proceedings necessarily carries with it a defamatory accusation of criminal conduct, and the rules which determine the right to recover for the resulting harm to reputation and distress are the same as those applicable in actions for defamation, . . . Thus, the plaintiff may recover for such injury to his reputation as normally results from the publication of the accusation without proving that his reputation has been lowered. So, too, a plaintiff may recover damages for the distress which normally results from being prosecuted for a crime without proving that he has suffered any emotional disturbance. As in defamation, damages of the kind above described are called general damages. However, the amount of harm to the reputation of the accused and the extent of his emotional disturbance are determined by the gravity of the offense charged against him in the criminal proceedings. The harm done to his reputation by criminal proceedings for an atrocious crime and the distress caused by an unjustified accusation thereof is obviously greater than

that caused by a prosecution for some trivial offense."

Appellant, in opposing transfer of this cause to the Supreme Court, contends the rule not requiring specific evidence of damage to reputation set forth in the Restatement, is inapplicable in Indiana. It happens, however, that this court as long ago as 1892 recognized the latitude to be accorded jury verdicts for damages to reputation in malicious prosecution and libel and slander cases. There this court affirmed a $6,500 judgment for malicious prosecution in *Evansville etc., R. R. Co. v. Talbot* (1892), 131 Ind. 221, 223, 29 N. E. 1134; cited in 40 A. L. R. 312 (35 A. L. R. 2d 312 n., 324 n.), and said:

"The appellants also insist that excessive damages were awarded. The verdict was for $6,500.

"Courts seldom disturb verdicts on the ground that compensation for an injury to character has been estimated by too high a standard. In cases of this character a new trial will not be granted on the ground of excessive damages, unless they are so outrageous as to induce the belief that the jury acted from prejudice, partiality or corruption. *Guard v. Risk,* 11 Ind. 156; *Alexander v. Thomas,* 25 Ind. 268; *Crocker v. Hadley,* 102 Ind. 416, [1 N. E. 734, 52 Am. Rep. 657].

"An action for malicious prosecution, like actions for libel or slander, involves the question of compensation for an injury to character. We can not disturb the verdict on that ground."

The *Guard v. Risk, Alexander v. Thomas,* and *Crocker v. Hadley* cases cited, *supra*, were libel and slander cases, and the rule they are cited for that "courts seldom disturb verdicts on the ground that compensation for an injury to character has been estimated by too high a standard" has never been questioned in this state. *Evansville etc., R. R. Co. v. Talbot, supra,* was later

followed in the malicious prosecution case of *Indiana Bicycle Co.* v. *Willis* (1897), 18 Ind. App. 525, 530, 48 N. E. 646. The opinion of the Appellate Court in the case before us not only does not cite any Indiana cases involving malicious prosecution, but completely ignores the widely cited *Evansville etc., R. R. Co.* case, *supra.* The opinion makes no mention whatever of the analogy between malicious prosecution cases on the one hand and libel and slander cases on the other as to the rule concerning sufficiency of damages for injury to character, which has been the unquestioned law for many years, and the opinion very narrowly views appellee's-plaintiff's damages to character or reputation by saying: " . . . the only evidence of damages proved were for $100 which appellee paid for counsel fee . . ." and " . . . a verdict which awards to a plaintiff one hundred and four times as much damages by way of punishment as he was entitled to for compensatory damages is indicative that the jury were influenced in some improper way in reaching the same, . . ."

The Appellate Court, having improperly concluded that the actual or compensatory damages sustained by appellee-plaintiff did not exceed $100 paid for counsel fee, completely excluded any consideration of the distress and injury to reputation as normally results from a prosecution for such a crime as blackmail and the publication thereof, for which specific proof is not required.[1] The conclusion that the remainder of the $10,500 verdict, to-wit, $10,400, was for punitive damages only, can not properly therefore be upheld. It should further be noted that no showing was made that appellant made any effort to require appellee-plaintiff to plead specifically, or the jury to find specially as to

---

1. Restatement of the Law, Torts, *supra*, this opinion, 237 Ind. 6, 7, 143 N. E. 2d 285, 286.

his actual or compensatory damages, as distinguished from punitive damages, and appellant can not now ask on appeal that the damages be so segregated. And furthermore, as has previously been stated by this court, we must give effect to the verdict of the jury if it can be sustained on any theory presented by the issues. *Pfisterer* v. *Key* (1941), 218 Ind. 521, 33 N. E. 2d 330.

The entire discussion in the Appellate Court's opinion as to whether a relationship is required between compensatory damages and punitive damages (about which there is a considerable division of authority in this country) is therefore irrelevant and inconclusive, and any reversal of the judgment in this case predicated upon the cited West Virginia decision of *Pendleton* v. *Railway Co.* (1918), 82 W. Va. 270, 95 S. E. 941, 16 A. L. R. 761, holding such a relationship to be necessary, is accordingly ill-considered and should be set aside by this court.

If the Appellate Court's opinion is to stand, it conflicts with this court's opinion in *Evansville etc., R. R. Co.* v. *Talbot, supra,* and the cases which have followed it, and announces a new rule requiring strict and specific proof of actual or compensatory damages in malicious prosecution cases in Indiana. Such a new pronouncement of the law will make very remote any substantial verdicts for injury to reputation or character. Is such a change in our law to be desired?[2]

---

2. One author of note did not think lightly of injury to reputation when he wrote these words:
"Who steals my purse steals trash; 'tis something, nothing;
'Twas mine, 'tis his, and has been slave to thousands;
But he that filches from me my good name
Robs me of that which not enriches him,
And makes me poor indeed."—Shakespeare's Othello.

Our denial of a transfer in this cause may also be construed as indicating a similarly probable departure by the Supreme Court in libel and slander cases from its time-honored recognition of the rule which does not favor disturbing jury verdicts based upon injury to the reputation or character.

I am of the opinion the transfer of this cause to the Supreme Court should be granted, and that upon a further consideration of the opinion of the Appellate Court, that this cause be determined in accordance with the views herein expressed.

Bobbitt, J., concurs in the reasoning of this opinion, with separate opinion.

### SEPARATE OPINION

BOBBITT, J.—I concur in the reasoning of Landis, J. in his dissenting opinion. However, in this case I believe the evidence is such as to bring it within the exception to the rule as stated in *The Evanville and Terre Haute Railroad Company* v. *Talbot* (1892), 131 Ind. 221, 29 N. E. 1134, and quoted in the dissenting opinion. In my opinion the Appellate Court reached the right result under the record in this case, and transfer should be denied.

NOTE.—Reported in 143 N. E. 2d 285.