DWYER *v.* MCCLEAN.

[No. 19,178. Filed June 13, 1962.]

*Dale & Dale* and *Francis C. Dale, Jr.,* of Indianapolis, for appellant.

*John T. Davis,* of Indianapolis, *Seth S. Ward,* of Syracuse, and *Scifres & Hollingsworth,* of Lebanon, for appellee.

CONCURRING OPINION ON DENIAL OF TRANSFER.

LANDIS, J.—I concur with my brothers of the Supreme Court in the denial of transfer of this case[1] from the Appellate Court but desire to point out that the Supreme Court by today denying transfer from the Appellate Court is approving the Appellate Court's change in the rule in malicious prosecution cases from that announced in the previous Appellate Court case of *Bangert* v. *Hubbard* (1957), 127 Ind. App. 579, 126 N. E. 2d 778, 67 A. L. R. 2d 395, requiring punitive or exemplary damages in malicious prosecution cases to bear relationship to the actual (compensatory) damages sustained before they can be upheld.

The Appellate Court in the previous case of *Bangert* v. *Hubbard, supra,* reversed a judgment for malicious prosecution rendered on a jury's verdict of $10,500, and stated at p. 589 of 127 Ind. App., p. 783 of 126 N. E. 2d, and p. 404 of 67 A. L. R. 2d:

> "..... we believe it to be sound reasoning that the amount of punitive damages awarded by a

1. Appellate Court opinion, *Dwyer* v. *McClean* (1961), 133 Ind. App. 454, 175 N. E. 2d 50.

jury must bear some reasonable proportion to the amount of compensatory damages. . . ."

However, the Appellate Court in the case at bar states (133 Ind. App. 454, 460, 175 N. E. 2d 50, 53):

"The elements which the jury or the trial court may consider in assessing the amount of punitive damages do not admit of any strict and specific proof, and we can foresee situations in criminal prosecutions where if the punitive damages were to be tied to such a proportionate rule grave injustices would be done. The measure of a man's character and reputation can hardly be measured by the amount of money he may have been required to expend in defending himself against such criminal action. . . ."

The Appellate Court opinion in the case at bar, in effect follows my dissent (reported in 237 Ind. 5, 143 N. E. 2d 285) to the Supreme Court's denial of transfer in *Bangert* v. *Hubbard*; and, by relying on the content of my dissenting opinion, has virtually overruled *Bangert* v. *Hubbard, supra,* so that it can no longer be considered authoritative in this jurisdiction.

Petition to transfer denied.

Landis, J., concurring opinion on denial of transfer.

NOTE.—Reported in 183 N. E. 2d 204.